MOODY v. BELDEN et al.

(Supreme Court, General Term, Fifth Department.    June 2, 1891.)

1. MORTGAGES—FORECLOSURE—INCONSISTENT DEFENSES.
    Where the complaint in an action to foreclose a mortgage alleges that defendants have a junior lien on the premises, a denial by defendants that they have a lien which accrued subsequently to the lien of plaintiff's mortgage is not inconsistent with a further defense that plaintiff's claim has been paid.

2. PLEADING—BILL OF PARTICULARS—PAYMENT AS A DEFENSE.
    Where a defendant interposes the defense of payment, a bill of particulars will not be required.

3. SAME—MOTION TO MAKE MORE DEFINITE AND CERTAIN.
    A general denial of "each and every material allegation" of a complaint is not good on a motion to make more definite and certain.

4. SAME—DENIAL IN WORDS OF COMPLAINT.
    A special denial in the words of the allegation denied is a mere negative pregnant, and a motion to make more definite and certain will lie.

Appeal from special term, Wayne county.

Action by William D. Moody against Francis A. Belden and others. From so much of an order as denied plaintiff's motion for judgment and for a bill of particulars, and also denied his motion to make more definite and certain paragraphs of the answer containing denials and allegations of payment, plaintiff appeals.

The following opinion was filed by Mr. Justice RUMSEY, who heard the motions at special term: "The answers contain several distinct defenses; among them, the defense of payment and a general denial, besides specific denials. The specific denials are probably not scientifically pleaded; but the defenses of payment and the general denial, although the latter is too indefinite, are not frivolous. A pleading is frivolous only when there is clearly no defense set up in it. If a defense can be spelled out from the pleading, or any part of it, judgment will not be given because it is frivolous. Cook v. Warren, 88 N. Y. 37; Kelly v. Barnett, 16 How. Pr. 135. It may be that the denial of some of the defendants that they are subsequent lienors is not consistent with the defense of payment. I do not think there is any inconsistency between the two defenses, but, if there is, the right of a defendant to put his defense upon inconsistent grounds to meet any phase of the proof cannot be denied. Goodwin v. Wertheimer, 99 N. Y. 149, 1 N. E. Rep. 404. It may be, too, as claimed, that the defendants are not called upon to litigate the question whether or not they are subsequent lienors; but I think, if they are brought into court upon that allegation, they have a right to have it decided. I do not think there is any occasion for a bill of particulars. It is not usual to grant one where the defense of payment is interposed; and here the plaintiff can certainly learn from his assignors quite as much about it as the defendants can. But it is clear, I think, that some of the defenses should be made definite and certain. For instance, the general denial in each answer denies "each and every material allegation." Such a denial is not good upon a motion to make definite and certain. Seward v. Miller, 6 How. Pr. 312; Mattison v. Smith, 1 Rob. (N. Y.) 706; Hammond v. Earle, 5 Abb. N. C. 105, 108. Others of the special denials take up allegations of the complaint upon certain subjects, and deny them in hæc verba. These denials are mere negatives pregnant. They deny the modifying circumstances as well as the material fact, and they are perfectly consistent with an admission of the material part of each allegation. For instance, the defendant Gaylord denies that Elizabeth Dixon and 13 other defendants, naming them, "and John B. Wegman," had or claimed to have any interest in or lien upon the said mortgaged premises, or some part thereof, subsequent to said mortgage. This denial is perfectly consistent with an admission that all the defendants but one had a lien on the premises. Many other denials are subject to the same criticism. As to these

the several allegations should be made definite and certain, so that the plaintiff may be advised just what particular part of the allegation it is intended to deny. As neither party has fully succeeded in this motion, no costs will be given."

Argued before DWIGHT, P. J., and MACOMBER, J.

*S. B. McIntyre*, for appellant. *Camp & Bunwell*, for respondents.

MACOMBER, J. The motion made by the plaintiff at special term was (1) for the direction of judgment in his favor upon the answers as frivolous; (2) that if that part of the motion was denied, then that the defendants be required to make definite and certain the allegations of such answers; (3) that a bill of particulars of certain payments alleged as set-offs be delivered by the defendants to the plaintiff. The court at special term denied the motion for judgment and for a bill of particulars, but that part directing the defendants to make the answers in certain particulars definite and certain was granted.

The denial by the defendants that they have or claim any interest or lien upon the premises which accrued subsequent to the lien of the plaintiff's mortgage, does not seem to be inconsistent with their further defense of payment. Under allegations contained in the complaint that such defendants were subsequent lienors, the latter had an undoubted right to answer, denying such an allegation. If they, at the trial, should be defeated in that contention, there appears to be no legal objection to their relying upon other matters to show that the amount of the plaintiff's recovery is not as great as is claimed, and that in fact his bond and mortgage, of which he is the assignee, have been entirely extinguished by payment. The question is not whether it was necessary for the defendants to make this answer, but it is, rather, whether they had a right to do it. We know of no reason, having thus been brought into court under the allegation named, why a complete denial of the plaintiff's claim should not be made available to the defendants. The cases cited by the learned counsel for the appellant have in this aspect of the case, in our judgment, no application. Undoubtedly, if the sole defense relied upon by the defense was the fact that they were not lienors subsequent and subordinate to the plaintiff, they could have omitted to answer on that ground. But they have not chosen to place themselves exclusively upon that defense. They have coupled with it a substantial, affirmative defense, that, in case they should be declared to be subsequent lienors, still their rights were intact, because the claim made by the plaintiff had been either greatly reduced or entirely extinguished.

In respect to the bill of particulars, the conclusion arrived at by the learned justice, and the reason he assigns for the same in his opinion, are satisfactory. So much of the order as directed that the answers and certain particulars be made definite and certain seems to us to satisfy this branch of the plaintiff's motion. It follows, therefore, that the order appealed from should be affirmed, with $10 costs and disbursements.