## BARONE v. O'LEARY.

(Supreme Court, Appellate Division, First Department. November 24, 1899.)

APPEAL AND ERROR—MOTION FOR BILL OF PARTICULARS—RULING ON MOTION.
   A defendant pleading payment as a defense need not furnish a bill of particulars setting forth the time, place, and to whom payment was made.

Appeal from special term, New York county.

Action by Rosie G. Barone against Sarah A. O'Leary. From an order requiring defendant to furnish a bill of particulars, she appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

J. Delahunty, for appellant.
Henry M. Heymann, for respondent.

RUMSEY, J. This appeal is from an order requiring the defendant "to furnish a bill of particulars setting forth the time or times when, the place or places where, and the person or persons by or through whom payment was made of the claims and demands of the plaintiff set forth in the several causes of action stated in the complaint, and also the amount or amounts of such alleged payments." The action was brought to recover for labor and services alleged to have been performed by the plaintiff for the defendant at various times. The complaint contained three causes of action. The defendant answered each cause of action separately. Each answer contained first a general denial, and then an allegation "that, before the commencement of this action, the defendant satisfied and discharged by payment any and all claim or claims which the plaintiff had at any time heretofore against her." After the service of the answer, the plaintiff demanded a bill of particulars of the specific defenses of payment, and, that demand not being complied with, a motion was made to compel the service of a bill of particulars as to those defenses. The motion having been granted, this appeal is taken from the order.

We think the motion was improperly granted. The obvious purpose of the application was to limit the defendant in making proof of her defenses of payment. Ordinarily, when a defense is pleaded, a bill of particulars will not be granted. Moody v. Belden (Sup.) 15 N. Y. Supp. 119. The mere fact that the plaintiff does not know the nature of the payment is not sufficient to take this case out of the general rule. The office of a bill of particulars is not to compel the disclosure by a party of the nature of his proof, or the names of witnesses, or to disclose the case relied on, or the proof to support it. Higenbotam v. Green, 25 Hun, 214. The cases referred to in the memorandum of the judge who granted this motion do not apply. In each of these cases a good reason was shown why the bill of particulars should have been granted.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.