(69 App. Div. 576.)

ENGLISH v. WESTCHESTER ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department.    March 14, 1902.)

BILL OF PARTICULARS—PERSONAL INJURY.

Plaintiff in an action for personal injuries, not alleged to be permanent, cannot be compelled to give bill of particulars thereof, with the nature, location, and probable duration of each, and the way they were received; though, in a proper case, he may be required to make his complaint more definite and certain, and may be subjected to physical examination.

Appeal from special term, Westchester county.

Action by Thomas English against the Westchester Electric Railroad Company. From order denying defendant's motion, as to certain items, for a bill of particulars, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Theodore H. Lord, for appellant.

Michael J. Tierney, for respondent.

HIRSCHBERG, J. The order appealed from granted the defendant's motion for a bill of particulars, but limited the bill to certain items not necessary to enumerate. The action is for negligence, and the allegation of the complaint asserts that "the plaintiff was injured and bruised in his person, and rendered sick, sore, and lame."

There is no allegation of permanent injury. The defendant asked, among other things, that the plaintiff furnish a bill of particulars of "the nature, location, and probable duration of each and every injury alleged in the complaint, except as specifically stated therein, showing particularly how plaintiff was 'injured and bruised, and rendered sick, sore, and lame,' as alleged in paragraph three of the complaint." This demand was refused in the order appealed from.

The case of Steinau v. Railway Co., 63 App. Div. 126, 71 N. Y. Supp. 256, supports the order. The court there said (page 127, 63 App. Div., and page 257, 71 N. Y. Supp.): "We do not think the plaintiff should be compelled to specify by a bill of particulars the injury complained of, its nature, location, and extent." The same court held in Curtin v. Railway Co., 65 App. Div. 610, 72 N. Y. Supp. 580, that such a bill of particulars should be required in the case of permanent injuries, but this has no application to the present case. The defendant may, of course, move in a proper case to compel the plaintiff to make his complaint more definite and certain, and may also apply under the provisions of the Code of Civil Procedure for a physical examination of the plaintiff. No reason therefore exists for restricting a plaintiff to proof upon the trial of definite items of injury not permanent in character, but which may be progressive in their nature and effects, and of which he may not be aware at the time when the bill of items is required.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.