LACHENBRUCH v. CUSHMAN et al.

(Supreme Court, Appellate Term. March 24, 1904.)

1. NEGLIGENCE OF SERVANT—INJURIES TO THIRD PERSONS—PLEADING—BILL OF PARTICULARS.

In an action for injuries to a person by being struck by a wagon driven by one of defendants' servants, defendants were entitled to a bill of particulars showing which of their wagons and drivers were concerned in the accident, a description of the wagon and the horse or horses as near as possible, together with the injuries which plaintiff claims to be permanent.

2. SAME—MOTION TO MAKE MORE DEFINITE AND CERTAIN.

Where the injuries sued for were indefinitely stated, defendants' remedy was by motion to make the complaint more definite and certain, or by application for a physical examination, and not by motion for a bill of particulars.

3. SAME—RATE OF SPEED.

In an action for injuries to plaintiff by being struck by a wagon driven by defendants' servant, the rate of speed of the wagon is a matter of evidence, and need not be pleaded.

Appeal from City Court of New York, Special Term.

Action by Hugo Lachenbruch against Lewis Cushman and another. From an order of the City Court granting a motion for a bill of particulars, defendants appeal. Modified.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Clarence D. W. Rogers, for appellants.

Abraham Oberstein, for respondent.

SCOTT, J. The defendants are entitled to fuller particulars than the order appealed from gives them, but are by no means entitled to all they ask. They should have such information as will enable them to ascertain which of their wagons and drivers were concerned in the accident, and otherwise to be protected against surprises at the trial. To this end they should be apprised of the exact time and place at which the accident is alleged to have occurred, and should be given, so nearly as the plaintiff can give it, a description of the wagon and horse or horses. If the plaintiff is unable for any reason to give a full description, he should give as complete a description as possible, and explain by affidavit why he cannot be more precise. If the accident really occurred as alleged, the plaintiff should have no difficulty in giving these particulars. The plaintiff should also state what injuries are claimed to be permanent. The plaintiff should not be required to enumerate his other injuries, although the statement respecting them in the complaint is exceedingly broad and indefinite. The defendants' remedy is a motion to make the complaint more definite and certain, or an application for a physical examination. English v. Westchester

El. R. Co., 69 App. Div. 576, 75 N. Y. Supp. 45. The allegations of the complaint concerning the acts charged as constituting negligence are quite specific, and no further particulars should be ordered in respect thereto. The rate of speed at which the wagon was traveling is a matter of evidence. In the regards mentioned the order appealed from should be modified, and, as modified, affirmed, without costs.

Order modified, as indicated, and, as modified, affirmed without costs. All concur.