(44 Misc. Rep. 163.)

SWAN v. SWAN.

(Supreme Court, Special Term, New York County. June, 1904.)

1. PLEADING—BILL OF PARTICULARS.
   A complaint alleged two causes of action for moneys loaned to defendant, who pleaded a general denial and, as a second defense, payment. *Held*, that plaintiff was not entitled to a bill of particulars as to the payment.

2. SAME—ANSWER OF DEFENDANT.
   Code Civ. Proc. § 531, authorizing an order directing "a bill of particulars of the claim of either party to be delivered to the adverse party," as used in the case of the defendant, means the defense set up in the answer, based upon the facts alleged and the law applicable thereto.

3. SAME—CLAIM OF DEFENDANT.
   Plaintiff sued her husband to recover for moneys advanced. Defendant set up an antenuptial agreement under which the wife, after marriage, was to contribute her income and he his earnings to support the family, and alleged performance of the agreement on his part. *Held* not to constitute a claim, within Code Civ. Proc. § 531, entitling plaintiff to a bill of particulars; the amount contributed by defendant not being presented by the allegations of his answer.

Action by Mary K. Swan against William J. Swan. On motion for a further bill of particulars. Denied.

¶ 1. See Pleading, vol. 39, Cent. Dig. § 969.

Edward S. Clinch, for the motion.
Edward S. Hull, opposed.

GIEGERICH, J.  In this action, brought by a wife against her husband for a money judgment, three causes of action are set up in the complaint:  First, for the sum of $3,875.69 for moneys advanced and paid out for the defendant's account; second, for the sum of $953 for moneys loaned to the defendant; and, third, for $1,000, being the value of a bond loaned by the plaintiff to the defendant and not returned by him.  The answer first sets up a general denial, and as a second defense to the first and second causes of action pleads payment, and as a third defense to the same causes of action alleges that both plaintiff and defendant had been previously married, the plaintiff having two children and the defendant one, and that the plaintiff and her children had large means, while the defendant had no property of value and only a small income obtained from his earnings, and that under such circumstances the parties entered into an antenuptial agreement that the plaintiff would contribute her income in addition to the earnings of the defendant toward the support and maintenance of the plaintiff and the defendant and their respective children, and the education of the children.  This defense further alleges that since the time of the marriage the defendant has contributed large sums toward the support and maintenance of the parties and their children as aforesaid, amounting in the aggregate to over $5,000, which sum was all that the defendant was able to contribute during the said time, outside his incidental and business expenses.  In response to the plaintiff's demand the defendant has heretofore served a bill of particulars, as follows:

"To rent of apartment, $1,250; to household expenses, $2,075.18; paid to plaintiff for personal account, $928.75; paid to plaintiff for personal expenses and incidentals, etc., as per vouchers, $3,221.65; to cash paid to plaintiff, no vouchers (estimated), $2,000.  Total, $9,475.59."

As a matter of fact the attached itemized statement is a single list of many pages in length, and the only way in which it can be determined under which of the above headings, such as "rent," "household expenses," "personal account," etc., the various items fall, or are intended to be placed, is by the description of the item contained in itself, such as "rent," "cash," "telephone," etc.  Many of the items, however, do not bear upon their face anything which would show under which of the various headings they are intended to fall, and the plaintiff in her moving affidavit swears that she cannot pick out the items claimed to aggregate the amounts above mentioned, with the exception of the amount of rent.  The defendant resists the motion on the ground that no bill of particulars whatever can be exacted in a case of this kind, because a defendant is not required to furnish a bill of particulars of payments made under the defense of payment, citing Barone v. O'Leary, 44 App. Div. 418, 60 N. Y. Supp. 1131, which authority supports his contention.

The only remaining question is whether the third defense above outlined is of such a character as to warrant a bill of particulars. In Goddard v. Pardee Medicine Co., 52 Hun, 85, 5 N. Y. Supp. 119, the court, in the prevailing opinion, said:

"The fourth defense in the answer is not affirmative in its character. It really amounts to nothing more than a denial of the plaintiff's alleged cause of action. It adds no strength to the answer, and could be wholly stricken out without detriment to the rights of the defendant. Considering it, therefore, with reference to its legal effect, which is simply that of a denial, it cannot properly be regarded as setting up any such claim as to render it proper to require a bill of particulars."

The present case is clearly distinguishable from that one, as it does add strength to the answer, and could not be wholly stricken out without detriment to the rights of the defendant, and answers the description laid down in Dwight v. Germania Life Ins. Co., 84 N. Y. 493, 504, of the tests. which determine whether the claim is of such a character that a bill of particulars may be ordered, in which case it was said:

"In our view the claim spoken of by that section [meaning section 531 of the Code of Civil Procedure], where the case of a defendant is in hand, is whatever is set up by him as a reason why the action may not be maintained against him. The claim of the defendant is that ground of fact which he alleges in his answer as the reason why judgment should not go against him. His claim in the case is the position he takes in his pleading, based upon the facts he sets up and the law applied thereto, why he should go without day."

But while the defense in question answers in its general character the requirements of the· above description, it nevertheless lacks certain other elements necessary to warrant the ordering of a bill of particulars. Both sides have assumed that there was a question of amount presented by this defense, but such is not the fact. To be sure, the sum of $5,000 is mentioned, but this is incidental only; the essence of the defense being that the moneys mentioned in the first two causes of action were advanced or paid by the plaintiff in accordance with the terms of an agreement which the defendant has fully performed on his part, such performance depending, not upon his contributing $5,000, or any other definite sum, but his "earnings," whatever they might be. This confusion may have arisen from the form of the bill of particulars voluntarily served by the defendant, which presents certain categories not based upon anything contained in the pleadings, and which, therefore, present false issues. The motion for a further bill of particulars should, therefore, be denied, but without costs.

Motion denied, without costs.