(45 Misc. Rep. 201)

KAVANAUGH v. COMMONWEALTH TRUST CO. OF NEW YORK et al.

(Supreme Court, Special Term, Saratoga County.    October, 1904.)

1. PLEADING—BILL OF PARTICULARS.

An application for a bill of particulars of matters alleged in a complaint as necessary to enable defendant to prepare a defense is premature when the action is not at issue.

2. SAME—WHEN DENIED.

Application by defendant for bill of particulars before action is at issue in order to prepare a defense will be denied where defendant, in his moving papers, has sworn to the merits.

3. SAME—AMENDMENT.

Where the meaning of an allegation in a pleading can be seen with reasonable certainty, an amendment thereto should not be directed.

4. SAME—BILL OF PARTICULARS.

Matters of time, place, and circumstances, unless they constitute material parts of the cause of action or defense, are strictly within the province of a bill of particulars, and must be obtained by that method.

Action by Charles H. Kavanaugh, on behalf of himself and the other stockholders of the Commonwealth Trust Company of New York, against the Commonwealth Trust Company of New York, Perry Belmont, and others. Motion by defendant Marvin to make his complaint more definite and certain or to serve a bill of particulars. Motion denied.

Guggenheimer, Untermyer & Marshall, for the motion.
Edgar T. Brackett, opposed.

SPENCER, J. We are confronted upon the threshold of this motion with the objection that the motion by the defendant Marvin to require the plaintiff to make his complaint more definite and certain, or, in the alternative, to serve a bill of particulars, is irregular, and should for that reason be denied. I am not aware of any authority for a motion in that form. In the Code of Procedure (section 158) it was provided: "The court may in all cases order a bill of particulars of the claim of either party to be furnished," and (section 160) "when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment." Under these provisions it was held by the Court of Appeals that two separate and distinct remedies were provided, and that the court might require a party to resort to the appropriate remedy; but remarking, "Both remedies might consistently exist together." Tilton v. Beecher, 59 N. Y. 176, 183, 17 Am. Rep. 337. These provisions of the Code of Procedure were carried into the Code of Civil Procedure, §§ 531, 546, but section 546 was afterward amended to read as follows:

"Where one or more denials or allegations, contained in a pleading, are so indefinite or uncertain that the precise meaning or application thereof is not apparent, the court may require the pleading to be made definite and certain, by amendment." Laws 1877, p. 451, c. 416.

¶ 1. See Pleading, vol. 39, Cent. Dig. § 977.

Section 531 was also amended to read:

"Upon application in any case, the court, or a judge authorized to make an order in the action, may, upon notice, direct a bill of the particulars of the claim of either party to be delivered to the adverse party, and in case of default the court shall preclude him from giving evidence of the part or parts of his affirmative allegation of which particulars have not been delivered." Laws 1904, p. 1267, c. 500.

The change thus made in the language of section 546 tended to obscure the line of demarcation between the remedies, and sometimes it has been exceedingly difficult to determine the appropriate remedy, and (no doubt induced thereto by the remarks of Judge Rapallo in Tilton v. Beecher, supra, to the effect that both might consistently exist together) it has become quite common to move, as in this case, in the alternative. 1 Nichol's Pr. 1064. But I am of the opinion that this practice should be discouraged, if not condemned. If the motion may be in that form, the order of the court may run likewise, and thus require the adverse party to make election. The consequences of refusal in the one case is not the same as in the other, and the practice, if encouraged, would tend to confusion. It is clear, I think, from the language of the sections referred to, that the two remedies are intended to be separate and distinct, and that the moving party should be required to choose the one appropriate to the relief he seeks.

But without denying defendant's motion for duplicity, I am of the opinion that the relief asked for must be denied on other grounds.

First. The action not being at issue, the application for a bill of particulars on the ground that it is necessary for the defense is premature. Hicks v. Eggleston, 95 App. Div. 162, 88 N. Y. Supp. 528. As the defendant has, in his moving papers, sworn to merits, a bill of particulars is unnecessary in order to enable him to plead. 1 Nichol's Pr. 863, and cases there cited. Therefore that part of the motion which asks for a bill of particulars must be denied.

Second. The motion to make the complaint more definite and certain must also be denied. Since the amendments to section 546, in 1877, sporadic attempts have been made by the courts to discriminate as to the appropriate remedy in particular cases; but until recently no rule of construction seems to have been adopted for the guidance of the profession. Jackman v. Lord, 56 Hun, 192, 9 N. Y. Supp. 200; Rouget v. Haight, 57 Hun, 119, 10 N. Y. Supp. 751; Lowenthal v. Philadelphia Rubber Works (Sup.) 18 N. Y. Supp. 523; English v. Westchester El. R. Co., 69 App. Div. 576, 75 N. Y. Supp. 45; Lachenbruch v. Cushman (Sup.) 87 N. Y. Supp. 476. In commenting upon the state of the decisions in this respect, the Appellate Division of the Third Department, in a recent decision, said:

"The reported decisions relating to motions to make a pleading definite and certain, and motions to direct the service of a bill of particulars, are conflicting and confusing, but all distinctions between such motions should not be abandoned." Dumar v. Witherbee, Sherman & Co., 88 App. Div. 181, 84 N. Y. Supp. 669.

It will therefore serve no useful purpose to refer to instances in the reported decisions where one thing or another has been directed in motions of this character. That a different rule must be observed in this department is evident from the decision last cited, and a rule has there

been adopted for testing a motion of this character in order to determine whether it is the appropriate one or not.    The court there, among other things, said: .

"It is only where the 'precise meaning or application' of an allegation of a pleading is indefinite and uncertain that the court can require the pleading to be amended.    If the meaning and application of the allegation can be seen with reasonable certainty, an amendment should not be directed."

Tested by this statement, I think the complaint in question may not be regarded as indefinite or uncertain.    The action is by the plaintiff as a stockholder to recover in behalf of the defendant the Commonwealth Trust Company of New York the loss and damage sustained by said company by reason of the negligence and carelessness of the several individual defendants while acting as directors of its affairs.    The charge or cause of action is set forth in these words:

"That while the individual defendants herein were such directors of said trust company, and were thus charged with the duties of such position, they and each of them failed to perform the duties of such director thereof, and, on the contrary, each was so negligent and careless that the funds of said company were mismanaged and wasted, and said trust company thereby suffered great loss."

Only one cause of action is here alleged.    An examination of the entire pleading leaves no room to doubt that all the allegations have application to the cause of action alleged, and are appropriate thereto. The pleading, therefore, is not objectionable in this particular.

In the paragraph following the one quoted, the complaint continues: "That, among other things, as to which said defendants other than the trust company were negligent, and in which they failed to perform their duty as directors, are these," and here follow a dozen or more specifications in which it is claimed that the individual defendants were negligent or failed to perform their duty.    These allegations all seem to be clear and unequivocal.    They are couched in terse, expressive terms.    There can be no doubt as to their meaning.    I am therefore of the opinion that the complaint is not defective in that particular. Some of these specifications are, however, clearly lacking in precision as to time, place, and circumstance, and, were this a motion for a bill of particulars after issue joined, I should have no hesitation in deciding that they should be made more specific by a bill of particulars.    Matters of time, place, and circumstance, unless they constitute material parts of the cause of action or defense, are strictly within the province of a bill of particulars and must be obtained by that method.    Tilton v. Beecher, 59 N. Y. 176, 17 Am. Rep. 337;  Dumar v. Witherbee, Sherman & Co., 88 App. Div. 181, 183, 84 N. Y. Supp. 669;  Bennett v. Lawrence, 71 App. Div. 413, 75 N. Y. Supp. 902;  First Presbyterian Church v. Kennedy, 72 App. Div. 82, 76 N. Y. Supp. 284.

I am therefore constrained to the view that the present motion must be denied, with costs, without prejudice, however, to the defendant making application for a bill of particulars when so advised.

Ordered accordingly.