CASASSA v. A. CUNEO CO.

(Supreme Court, Appellate Term. March 5, 1909.)

1. PLEADING (§ 367*)—MOTION—BILL OF PARTICULARS—SUFFICIENCY OF MOTION.

A motion, in the alternative, to require defendant to make the answer more definite and certain or serve a bill of particulars, was bad in form.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1173; Dec. Dig. § 367.*]

2. PLEADING (§ 323*)—BILL OF PARTICULARS—AFFIDAVIT—SUFFICIENCY.

Code Civ. Proc. § 531, empowering the court to direct a bill of particulars in any case upon application and notice, by implication requires the application to contain a statement verified upon personal knowledge or from other proper sources, and an affidavit by plaintiff's attorney, supporting a motion for a bill of particulars of the matters in the answer, stating that he had no personal knowledge of the matters pleaded by defendant, "and neither has the plaintiff, as I verily believe," was insufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 978; Dec. Dig. § 323.*]

Appeal from City Court of New York, Special Term.

Action by Domenico Casassa against the A. Cuneo Company. From an order granting plaintiff's motion for a bill of particulars, defendant appealed. Order reversed, and motion denied.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Ferdinand E. M. Bullowa, for appellant.
Joseph Nicchia, for respondent.

MacLEAN, J. The plaintiff brought this action upon a complaint, verified by his attorney, to recover the price of goods sold and delivered. In its amended answer the defendant alleged in each of its two separate defenses, as also in its counterclaim, that:

"Said wine was not free from all defects, and good and marketable, but, on the contrary, was defective and unmarketable."

Thereafter plaintiff's attorney applied to the court, upon an order to show cause running in the alternative, to make the amended answer more definite and certain or for a bill of particulars, by stating, among other things, the nature and particulars of said alleged defects, and obtained an order directing the service of a bill of particulars thereof. While the motion was in form offensive to practice (Kavanaugh v. Commonwealth Co., 45 Misc. Rep. 201, 91 N. Y. Supp. 967, affirmed in 99 App. Div. 620, 91 N. Y. Supp. 1099), the order itself was not; but, as it was obtained upon the affidavit of the plaintiff's attorney deposing, "I have no knowledge of the matters so pleaded by the defendant, and neither has the plaintiff, as I verily believe," it was improvidently granted. The statute (section 531, Code of Civil Procedure), as. now framed, has, indeed, rendered obsolete a large class of decisions, by empowering the court to direct a bill of particulars in any case upon application and notice; but as an application implies a statement verified upon knowledge, personal or from proper sources, more is requisite than an attorney's deposition of his belief in his party's ignorance.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.