JACOB BROS. CO. v. KUNITZER.

(Supreme Court, Appellate Term.   May 7, 1909.)

1. PLEADING (§ 367*) — MOTIONS—MAKING MORE DEFINITE AND CERTAIN—ALTERNATIVE MOTION.

   A motion, in the alternative, to make a pleading more definite and certain or for a bill of particulars, is never regarded favorably by the court.

   [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 367.*]

2. PLEADING (§ 318*)—BILL OF PARTICULARS OF DEFENSE.

   A defendant is not required to furnish a bill of particulars of payments made, under the defense of payment.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 969; Dec. Dig. § 318.*]

Appeal from City Court of New York, Special Term.

Action by the Jacob Bros. Company against Robert Kunitzer. From an order denying a motion to compel to make its answer more definite and certain or furnish a bill of particulars, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Wentworth, Lowenstein & Stern, for appellant.
Samuel I. Frankenstein, for respondent.

PER CURIAM.   Although the learned justice below was evidently mistaken as to the facts, we agree in the result: A remedy, in the alternative, to make a pleading more definite and certain or for a bill of particulars, is never looked upon with favor by the court. It has been held "that this practice should be discouraged, if not condemned." Kavanaugh v. Commonwealth T. Co., 45 Misc. Rep. 201, 203, 91 N. Y. Supp. 967. Were such not the case, it does not appear that paragraphs 5 and 7 of the defendant's answer "are so indefinite or uncer-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tain that the precise meaning or application thereof is not apparent." Code Civ. Proc. § 546.

Being placed in an awkward position by his selling agent's bankruptcy, plaintiff then seeks a disclosure of the nature of the proof by which his adversary will establish his defense of payment, by means of a bill of particulars. A defendant is not required to furnish a bill of particulars of payments made, under the defense of payment. Heilperin v. Levy, 116 N. Y. Supp. 676, per Erlanger, J.; Barone v. O'Leary, 44 App. Div. 418, 60 N. Y. Supp. 1131; Swan v. Swan, 44 Misc. Rep. 163, 89 N. Y. Supp. 794.

The order must be affirmed, with $10 costs and disbursements.