### SEELY v. BREAKWATER CO.

(Supreme Court, Appellate Term, First Department. December 15, 1913.)

PLEADING (§ 318*)—BILL OF PARTICULARS—DEFENSE OF PAYMENT.

While under Code Civ. Proc. § 531, providing that upon application the court or a judge may, upon notice, direct a bill of the particulars of the claim of either party to be delivered to the adverse party, a bill of particulars of a defense of payment will ordinarily not be required, on the ground that it calls for the evidence to sustain defendant's claim, rather than the particulars of the claim, where plaintiff alleged without contradiction that the relations between defendant and himself had been numerous and diverse, and that moneys had passed between them in these various relations, he was entitled to a bill of particulars of the items which defendant claimed constituted payment of his debt.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 963–969, 971; Dec. Dig. § 318.*]

Guy, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by John A. Seely against the Breakwater Company. From an order denying a motion for a bill of particulars of defendant's plea of payment, plaintiff appeals. Reversed, and motion granted in part.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Alexander J. Lindsay, of New York City, for appellant.
Myers & Goldsmith, of New York City, for respondent.

BIJUR, J. This is an appeal from an order denying plaintiff's motion for a bill of particulars of the defense of payment. "Ordinarily" particulars of such a defense will not be directed, apparently because it would not call for the particulars "of the *claim* of the party" as provided in section 531 of the Code of Civil Procedure, but of the *evidence* to sustain such claim. See Barone v. O'Leary, 44 App. Div. 418, 60 N. Y. Supp. 1131. It is true that there have been some decisions intimating that a bill of particulars of the defense of payment will never be ordered. No doubt, cases in which opinions to this effect have been rendered were properly decided on the facts there disclosed, and the opinions have merely stated the rule more broadly than was called for. There seems, however, to be no reason why, under circumstances like those disclosed in the case at bar, where plaintiff alleges, without contradiction, that the relations between defendant and himself have been numerous and diverse, and moneys have passed between them in these relations, respectively, particulars should not be furnished of the items which defendant claims constituted payment of plaintiff's debt. Sittig v. Cohen, 130 App. Div. 689, 115 N. Y. Supp. 332.

Order reversed, with disbursements to appellant, and motion granted as to items 1 and 2 of plaintiff's moving affidavit, being the dates and amounts of payments claimed.

SEABURY, J., concurs.

GUY, J. (dissenting). While recognizing the soundness of the principle enunciated in the majority opinion that in exceptional cases, such as those involving an examination of an insolvent's accounts, a bill of particulars as to alleged payments may be ordered, I am of opinion that the case at bar does not come within the exception. The plea of payment herein is, in effect, a plea that, as the result of extended and varied dealings between the parties, plaintiff has been paid all moneys to which he is entitled as growing out of the matters set forth in the complaint. A bill of particulars of such payments might necessitate the setting forth of defendant's entire evidence on this subject. At least it is such a doubtful case that it should be left to the Appellate Division to determine whether it is such an exception as was contemplated by their ruling in the Barone Case.

Leave to appeal should therefore be granted defendant.