Nicholas M. Pette, J.
This is a motion, pursuant to rule 90 of the Rules of Civil Practice, requiring the plaintiff to serve an amended complaint separately stating each cause of action now contained in the first and second causes of action, on the ground that multiple causes of action are contained in each; pursuant to section 258 of the Civil Practice Act to sever the third cause of action, upon the ground that it alleges an individual cause against a single defendant, which may not properly be joined with causes of action brought in the right of the corporations named as party defendants, or, pursuant to rule 102 of the Rules of Civil Practice, to drop the plaintiff William Tomasello, individually, as a party' plaintiff upon the ground of misjoinder.
The first cause of action is derivative, to recover from corporate directors and officers for alleged waste of corporate assets and the mismanagement of the affairs of 28 different corporations; the second — likewise derivative — is to compel a declaration of dividends by the directors of the same corporations. The third cause of action is a personal action by the plaintiff involving an alleged breach of an agreement between him and a single defendant individually, under which plaintiff claims to have been and to be entitled to equality of representation upon the boards of directors of various corporations, equality in salary paid by those corporations, the right to hold the offices of secretary and treasurer of each of said corporations, and to countersign ah corporate checks.
The plaintiff is a stockholder of 10 of the 28 corporations involved in the first two causes of action. He claims to have a status to sue derivatively on behalf of these corporations, double-derivatively on behalf of 14 subsidiary corporations of said parent corporations and triple-derivatively on behalf of 4 sub-subsidiary corporations.
It is the contention of the defendants that each of the first two causes of action contains as many causes as there are corporations in whose right the plaintiff purports to sue. Plaintiff argues, however, that whether parent, subsidiary or sub-subsidiary, the officers and directors of each of said cor *486 porations are the same, and the misconduct charged against them is fairly and reasonably related to the general subject matter pleaded, even though all of the corporations may not be affected by every act set forth with respect to a particular corporation.
The court is of the opinion that the plaintiff should be compelled to separately state and number in respect to each of the first two causes of action as many causes as there are corporations, of which he is a stockholder, in whose right he has sued derivatively. Such a division of the causes of action will render this litigation more manageable, without unduly lengthening the complaint.
As for the third cause of action, the problems confronting the litigants and the court in respect to the charges made on behalf of the 10 corporations, of which plaintiff is a stockholder, are sufficiently complicated without joining therewith an individual cause of action by the same plaintiff against one of the defendants, predicated upon an alleged agreement made between them individually.
The court cannot perceive how any wrong plaintiff may have suffered individually, as the result of the alleged breach of an express agreement by one of the individual defendants, has anything to do with the latter’s alleged misconduct and that of his codirectors in the derivative causes of action.
Defendants’ motion is, accordingly, granted to the extent of severing the third cause of action and directing the service of an amended complaint, in which there shall be separately stated and numbered the causes of action on behalf of the 10 parent corporations of which plaintiff is a stockholder.
Settle order in accordance and provide therein for the service of the amended complaint within 30 days of the service of a copy of the order to be entered hereon with notice of entry.