Anthony M. Livoti, J.
The defendants have made a six-pronged motion directed to the amended complaint served on May 24,1960, in purported compliance with the decision by Mr. Justice Pette (22 Misc 2d 484) and the order thereon dated November 18,1959.
Three causes of action were set forth in the original complaint. Two were derivative in character for alleged waste of corporate assets and to compel a declaration of dividends. The third was a personal cause of action on behalf of the plaintiff stockholder.
The defendants then moved to compel the service of an amended complaint separately stating and numbering each of the first two causes of action into 28 causes, since as many corporations were involved, and to sever the plaintiff’s personal cause of action.
The court severed the personal cause of action and directed the service of an amended complaint separately stating and numbering ‘ ‘ in respect to each of the first two causes of action as many causes as there are corporations, of which ” plaintiff is a stockholder, it appearing that he held stock in 10 of the 28 corporations involved, said 10 being holding corporations (p. 486).
*715 The plaintiff, however, served an amended complaint containing 127 instead of 20 causes of action, as permitted by the court. Ten of the 127 causes of action are to compel the declaration of dividends and thus conform to the order of this court dated November 18, 1959. One hundred and seventeen causes of action, however, are based on as many separate allegations of waste.
1. The first branch of defendants ’ motion seeks to strike this amended complaint upon the ground that it does not conform to the afore-mentioned decision and order which is the law of the case and binding on this court. (Steinberg v. Altschuler, 9 A D 2d 211.)
Pursuant to said prior decision and order the plaintiff’s amended complaint should have alleged a separate cause of action for waste of whatever kind, nature or description on behalf of each of the 10 parent corporations, of which plaintiff is a stockholder, besides the 10 causes of action to compel a declaration of dividends. The fragmentizing of the original cause of action for waste into 117 separate causes was clearly contrary to the court’s prior direction. Mr. Justice Pette noted that the separate statement as directed by him “will render this litigation more manageable, without unduly lengthening the complaint ” (p. 486). The amended pleading served by the plaintiff, however, with each category of alleged waste the subject of a separate cause of action, disregards the order pursuant to which it was served.
It is neither necessary nor proper to fragmentize a complaint in a derivative stockholder’s action into as many causes of action as there arc classes or categories of waste. Plaintiff here seeks to vindicate the primary right of each corporation in which he holds stock to the performance by the individual defendants of their duties as officers and directors. If what he avers is true, one right and one duty has been breached, although by a number of acts of the same or of a varied character. (Covey v. England & McCaffrey, 233 App. Div. 332.)
Accordingly, the plaintiff Avill be required to serve a further amended complaint in conformity with the prior determination of this court. To facilitate the proper pleading thereof, however, and to eliminate some of the objections now made, objections that can be disposed of in the present posture of this action, the court will consider them in the order in which they appear in the notice of motion.
2. This branch of the motion seeks the correction of the present amended complaint on the ground that certain numbered causes of action were so indefinite and uncertain that the *716 precise meaning and application thereof are not opparenl.Specifically, objection is made to the manner in which the plaintiff has incorporated by reference allegations in the amended complaint.
Rule 90 of the Rules of Civil Practice provides: ‘ ‘ The allegations contained in a separately numbered paragraph of one cause of action * * * may be incorporated as a whole in another cause of action * * * in the same pleading by reference without otherwise repeating them.” (Emphasis supplied.) This has not been done by the plaintiff. Instead he has incorporated paragraphs of preceding causes of action, excepting therefrom certain parts thereof and indicating the changes. For example, in plaintiff’s 72nd cause of action he incorporated by reference paragraphs 238 through 247, 266, 249 through 251, ‘ ‘ with the same force and effect as though fully set forth herein, except with the following changes:”. (Emphasis supplied.) Those changes are indicated in two separate subdivisions “ (a) ” “ (b) ”. Such method of incorporating by reference is not authorized by rule 90 and renders the pleading uncertain and indefinite.
3. This branch of the motion is predicated upon the claim that the alleged waste set forth in causes of action numbers 101 through 127 inclusive was not mentioned in the first cause of action of the original complaint and, therefore, plaintiff could not properly plead such causes of action without leave of court. There is no merit to this objection, since the basic allegations in the original complaint were sufficiently broad to permit the present particularization, although not in as many separate-causes of action. Moreover, the late Mr. Justice Murphy held in Reinman v. Jaffe (N. Y. L. J., March 3, 1953, p. 701, col. 1): “ When the court directs that an amended complaint be served pursuant to Rule 90 of the Rules of Civil Practice, plaintiff is then permitted to reframe his complaint and include additional allegations other than those set forth in the original complaint if he be so advised.”
4. The legal sufficiency of the causes of action referred to in the third branch of the motion is here challenged. In light of the disposition of the first branch, the court will not at this time pass upon this objection.
5. By this branch of the motion the defendants seek the dismissal of causes of actions 42 to 45 inclusive, 97 to 100 inclusive and 124 to 127 inclusive on the ground that the claims therein embraced were released by the stipulation dated January 29, 1960, entered into by the attorneys for the respective parties. The court is of the opinion that it cannot be determined sum *717 marily that the misconduct alleged in the causes of action above referred to was intended to be released by said stipulation. Accordingly, the release should be the basis of an affirmative defense to be pleaded in the answer to the further amended complaint to be served by the plaintiff.
6. This branch of the motion is to dismiss the amended complaint with respect to the defendant Beach Haven Shopping Center, Inc., on the ground of legal insufficiency. The plaintiff has consented to the dismissal stating that the inclusion of this defendant was an oversight.