Harold Tessler, J.
This is a stockholders’ derivative action for waste and to compel the declaration of dividends in 10 parent corporations, in each of which plaintiff [Tomasello] owns 25% and the defendant Fred 0. Trump 75% of the capital stock.
The defendants’ motion is addressed to the second amended complaint in which the first 10 causes of action are for various wrongs allegedly committed by the three director-officers of the 10 corporations and the next 10 causes of action are grounded on the alleged wrongful failure and refusal of these defendants to declare and to have the corporations pay dividends. The first 10 causes are claimed to be insufficient for lack of an allegation in each that the plaintiff was a stockholder at the specific time of the transactions of which he complains. The second 10 causes are attacked on the same ground and also upon the failure to plead therein the assets and liabilities of each corporation, the surplus of each and facts indicating bad faith or arbitrary action in withholding the declaration of dividends.
*645 In the alternative, defendants seek to have over 50 paragraphs of the first 10 causes of action made more definite and certain by supplying the dates or times of the commission of the alleged wrongs therein charged, to enable the defendants to move to dismiss, under the applicable Statute of Limitations, such portions as may be barred by the lapse of time and to strike over 250 other allegations from the entire complaint as ‘ ‘ irrelevant, redundant, repetitious and unnecessary. ’ ’
By cross motion, the plaintiff moves pursuant to section 283 of the Civil Practice Act to deny the defendants, if unsuccessful on their motion, leave to serve an answer to the second amended complaint upon the ground that the objections made thereto in the motion addressed to that pleading are frivolous and were interposed solely to delay the service of an answer and to prevent the plaintiff’s utilization of so much of the order of this court dated February 15, 1961, as gave either party the right to ‘‘ place this cause on the calendar for an early trial, on five days’ notice, as soon as the pleadings have been closed by service of the answers to plaintiff’s further amended complaint that an interlocutory judgment be made and entered herein with an appropriate reference with respect thereto for the relief asked for in the second amended complaint.
The cross motion also seeks the appointment of a temporary receiver of the various corporations enumerated in the complaint and of their businesses and properties and for a temporary injunction restraining the individual defendants from in any manner interfering with the affairs or properties of said corporations and from the continuance of the wastes complained of.
The cross notice of motion was served one day after the service of the defendants’ notice of motion. It was made on an affidavit of the plaintiff “ to be submitted on the return date hereof ’ ’ and upon designated papers on file in the office of the Clerk of this court consisting of the original complaint, the defendants ’ motion addressed thereto and the decision and order of Mr. Justice Pette disposing of such motion, the amended complaint and the motion addressed thereto and Mr. Justice Lxvoti’s decision and order on said motion as well as his decision and order on the plaintiff’s motion for a temporary receiver and a preliminary injunction, together with the papers submitted in connection therewith.
While section 117 of the Civil Practice Act permits the making of a cross motion “ with or without affidavits ” the court agrees with the defendants that where the cross motion is made upon an affidavit, such affidavit must be served simultaneously with *646 the service of the notice of cross motion and cannot, as was done here, merely be referred to in said notice and served on the return date thereof. Such a practice is neither authorized nor proper. It deprives the party making the principal motion of opportunity to submit papers to meet and answer the affidavit upon which the cross motion is based and, in any event, it unduly delays the early disposition of such motions. (See Tripp, Guide to Motion Practice [rev. ed.], § 5, par. 4, p. 13.) In this case, however, the motions originally returnable on May 1, 1961, were adjourned to May 9, 1961, and the defendants had an opportunity before the adjourned date to answer plaintiff’s affidavit sworn to on April 28,1961, which was served on May 4, 1961. Under these circumstances, the court will consider the cross motion on its merits.
In a proper case, a court need not permit defendants to serve an answer if the objections raised by them with respect to the complaint “ are frivolous ”. The term “ frivolous ” as used in section 283 of the Civil Practice Act connotes an objection so clearly and palpably without merit as to indicate bad faith on the part of the party making it without the necessity of even argument to convince the court thereof. (Cf. Santasiero v. Briggs, 278 App. Div. 15, 21; Mann v. Luke, 272 App. Div. 19, 22.) This is not such a case.
First of all, it cannot be said, as claimed by the plaintiff, that the defendants ’ previous motions were made solely to delay the service of an answer and thus of an early trial. The defendants succeeded in their motion addressed to the original complaint in compelling the severance of plaintiff’s personal cause of action and the separate statement and numbering of each of the first two causes of action alleged in the original complaint in as many causes as there were corporations of which plaintiff was a stockholder, it appearing that he held stock in 10 holding corporations (22 Misc 2d 484). The plaintiff did not serve his amended complaint until some six months following the date of the decision of Mr. Justice Pette and when he did serve the amended complaint, that pleading contained 127 instead of 20 causes of action as permitted by the court. By that time, the 31 mimeographed pages of the original complaint grew to 116 typewritten pages. Thereupon, the defendants made a motion which in part sought an order compelling the plaintiff to plead as permitted by the prior order of this court. Mr. Justice Livoti granted that branch of the motion, among others (29 Misc 2d 713).
Some 45 days after the foregoing decision was rendered, the amended complaint now under consideration was served, con *647 sisting of 621 paragraphs spread out on 212 pages of typewritten matter. It can hardly be said that the defendants’ attempt to obtain from the plaintiff a manageable complaint is frivolous or interposed for the purpose of delaying the trial of this action even if unsuccessful upon this motion. This is hardly a case warranting the sanctions contemplated by section 283 of the Civil Practice Act.
As for the drastic relief of a temporary receiver and a temporary injunction sought by the plaintiff on the ground that by making the instant motion the defendants prevented the plaintiff’s utilization of so much of Mr. Justice Livoti’s order as gave either party the right to place the case on the calendar for an early trial as soon as the pleadings were closed by the service of answers to the further amended complaint, that branch of the cross motion likewise is without merit. The right of either party to place the case on the calendar for an early trial was given in a decision (29 Misc 2d 717) denying plaintiff’s prior motion for a temporary receivership and injunction. That decision was rendered on the same date that the decision was handed down on defendants’ motion to compel the plaintiff to serve a further amended complaint (29 Misc 2d 713). In denying the motion for the provisional relief, Mr. Justice Livoti stated that he was of the opinion: ‘ ‘ that the necessity for such drastic relief has not been shown and that it would be an improvident exercise of discretion to interfere with the affairs of profitable corporations, supplanting their management by a receivership. The right to a temporary injunction and receivership has been seriously disputed on jurisdictional grounds and on the merits. Whether the acts complained of were wrongful or illegal cannot be determined except by a full trial, the outcome of which is impossible to forecast upon the present papers.”
There is nothing in the affidavit served by the plaintiff in support of the cross motion which requires a different determination from the foregoing even if the court had the power and the inclination in effect to overrule the prior order of a Justice of co-ordinate jurisdiction. (Mt. Sinai Hosp. v. Davis, 8 A D 2d 361, 362.)
The cross motion is accordingly in all respects denied.
The defendants contend that there is no direct allegation in the complaint that the plaintiff was a shareholder of the particular corporation involved at the time of the transactions complained of. It is true that the date when the plaintiff became a stockholder of each of the 10 holding corporations has not been expressly alleged. However, the court is of the opinion that, since the corporations here involved are ‘ ‘ close corporations ’ ’ *648 of winch it is alleged the plaintiff was “ At all the -times herein mentioned ” the owner of 25% of the capital stock thereof and the defendant Trump of 75% of the capital stock of each particular corporation, the allegation in each cause of action of plaintiff’s ownership of 25% of the capital stock of each corporation “ At all the times herein mentioned ” (emphasis supplied) is sufficient compliance with section 61 of the General Corporation Law which provides, in pertinent part, that in a stockholder’s derivative action “ it must be made to appear that the plaintiff was a stockholder at the time of the transaction of which he complains ’ ’.
The defendants ’ motion to dismiss the first 10 causes of action is, accordingly, denied. Also denied is the defendants’ alternative motion to make these causes of action more definite and certain by alleging the date or time of the commission of the wrongdoing therein charged. The court is of the opinion that the plaintiff’s omission to allege the dates thereof does not render these causes of action indefinite and uncertain. Such information is within the province of a bill of particulars. (Meredith v. Art Metal Constr. Co., 97 Misc. 69, 82, affd. 176 App. Div. 945; Kavanaugh v. Commonwealth Trust Co., 45 Misc. 201, affd. 99 App. Div. 620, affd. 181 N. Y. 121; Shankman v. Revheim, 54 N. Y. S. 2d 566, 570.) The Statute of Limitations may be pleaded as a bar to the transactions involved and following the service of a bill of particulars appropriate motions under rules 112 or 113 of the Buies of Civil Practice may be made on the basis of such defense and admissions in the bill addressed to such transactions as may be barred by the lapse of time.
As for the next 10 causes of action, to compel the declaration of dividends, each has been insufficiently alleged. If directors ‘ ‘ refuse needlessly and improperly to divide what are actually surplus profits, the stockholders have an adequate remedy” (City Bank Farmers Trust Co. v. Hewitt Realty Co., 257 N. Y. 62, 67; Gordon v. Elliman, 306 N. Y. 456, 459) but a prima facie right for the declaration of dividends must be shown “by setting forth the facts with respect to the financial condition of the company and to rebut the presumption arising from the failure of the board to declare dividends that the directors have honestly exercised their discretion by showing a state of facts tending to show that they could not, acting in good faith, have deemed it necessary to refrain from declaring dividends.” (Nauss v. Nauss Bros. Co., 195 App. Div. 318, 325.)
After alleging, in the case at bar, stock ownership, the failure to pay dividends and the general duty of directors to do so, the plaintiff alleges in each cause of action the existence of a surplus *649 in a stated amount and that 75% thereof has been and now is a reasonable dividend. However, the financial data to support that conclusion has not been furnished. Instead, attempt has been made to support it by evidentiary allegations that the defendants admitted the financial ability of each corporation to pay dividends and that the reasons given to the plaintiff for not doing so were that one of the defendants’ personal income tax bracket was too large, that he is hostile to the plaintiff and wants to force him out of the enterprise by compelling him to sell out to said defendant through the means of nonpayment of dividends and his exclusion from any say in and from any receipts, salary or dividends from said enterprise while paying directly or indirectly large and excessive fees and moneys to the other directors, his personal attorney and his mother. These allegations do not, according to the Appellate Division of the Second Department in Davidoff v. Seidenberg (275 App. Div. 784), “ set forth a sufficient cause for the intervention of the court to compel the declaration of a dividend. It does not allege facts showing the financial condition of the defendant corporation, its assets and liabilities in addition to the naked assertion of a surplus in a stated amount, and why such surplus * * * is not needed in the business of the corporation.”
Accordingly, the motion to dismiss the second 10 causes of action is granted with leave to plead over in accordance with the foregoing views, omitting evidentiary matter by way of alleged admissions on the part of the defendants and conclusions.
In view of the denial of the motion addressed to the first 10 causes of action, the alternative motion pursuant to rule 103 of the Rules of Civil Practice to strike certain paragraphs therefrom up to and including paragraph “410” as “irrelevant, redundant, repetitious and unnecessary ’ ’ must be considered. While the complaint abounds in allegations as to the general duties of corporate directors and other matters, motions to strike on the grounds mentioned are not favored. (Giessler v. Accurate Brass Co., 271 App. Div. 980; Solomon v. La Guardia, 267 App. Div. 435.) “Where evidence of the facts pleaded in the allegations has any bearing on the subject matter of the litigation and is a proper subject of proof, the presence of such matter involves no prejudice and the allegations are not irrelevant to the cause of action pleaded.” (Reichbach v. Reichbach, 3 A D 2d 725, 726 [Dissent].) “ The power of the court to strike out irrelevant and redundant matter should be exercised with caution. To authorize the exercise of the court’s discretion in that respect, the irrelevancy must be clear and the redundancy unquestioned; and it also must appear that the moving party *650 is aggrieved thereby. (Savage Realty Co. v. Lust, 203 App. Div. 55; Wayte v. Bowker Chemical Co., 196 id. 665.) ” (Nasmie Constr. Co. v. Quasman, 215 App. Div. 724.)
The defendants have not shown that the paragraphs sought to be stricken have no possible relevancy or have no apparent necessity and that their inclusion would be prejudicial to them. As stated in Wayte v. Bowker Chem. Co. (196 App. Div. 665, 666-667), “ the mere fact that matter is irrelevant or redundant is not sufficient to authorize its being stricken out (Bogardus v. Metropolitan Street R. Co., 62 App. Div. 376); it must also appear on the face of the pleading that if it is allowed to remain it will harm the moving party. ’ ’
For these reasons, that branch of the motion which seeks to strike the paragraphs designated in the notice appearing in the first 10 causes of action is denied. Of course, ‘ ‘ The refusal to strike out an allegation is not an adjudication as to its materiality and does not constitute a decision that evidence under it would be competent or have an effect upon the trial ” (Riesenberger v. Sullivan, 1 A D 2d 1050, 1051) and such allegations could properly be disregarded by the trial court. (Neftel v. Lightstone, 77 N. Y. 96, 99.)
In view of the dismissal of the causes of action to compel the declaration of dividends, the court does not reach the alternative motion to strike therefrom the paragraphs designated in the notice. In repleading these causes of action in accordance with leave hereinbefore granted, counsel would be well advised to keep them within bounds of proper pleading as provided in section 241 of the Civil Practice Act, omitting evidentiary matter and conclusions.