Samuel W. Eager, J.
This is a motion to dismiss for insufficiency a complaint to recover for alleged damages to plaintiff’s property caused by blasting operations in connection with the construction of a gas transmission line. The complaint is grounded in contract rather than in negligence. It alleges that the defendant Algonquin Gas Transmission Company entered into a written agreement with the defendant Tulsa Williams Company, whereby the latter, for an agreed compensation, was to construct a transmission line for the former, and that the contract contemplated the tunnelling under ground and the blasting of rock and soil by means of explosives. It is specifically alleged that in and by the said agreement the “ Tulsa Williams Company covenanted and agreed, among other things, to protect the interests and property of land owners, tenants, and others and to make good any loss or damage to property arising in any way out of the performance of the work under said contract”; and that “the provisions and covenants of said contract * * * were intended for the benefit of this plaintiff ”. It is finally alleged that, by virtue of the said agreement, the plaintiff is entitled to recover the damages in question from the defendants. The complete written agreement between the Gas Company and the Williams Company is expressly made a part of the complaint to the same extent as if set forth at length therein. Therefore, it is to this contract and not to the construction placed thereon by the pleader that the court must turn in determining whether facts have been stated sufficient to constitute a cause of action. (Red Robin Stores v. Rose, 274 App. Div. 462, 465.) The rule is that where a contract is incorporated in a pleading it prevails over allegations of the pleader and over conclusions which the pleader has set up respecting its legal effect. (Kucker v. Gates Container Corp., 263 App. Div. 1006.)
*278 The right of the plaintiff to recover turns upon the construction of the provisions of the agreement including particularly the provisions that
“ 1. Contractor (Williams Company) shall properly'protect the property of (the gas) Company and others at the site of or adjacent to the Work. Contractor shall take all necessary precautions for the safety of the employees on the Work and shall comply with all applicable provisions of Federal, State and municipal safety laws and regulations to prevent accidents or injuries to persons or damage to property on or about or adjacent to the premises where the Work is being performed.
“ 2. Contractor assumes entire responsibility and liability and agrees to indemnify and hold harmless (the gas) Company and its representatives for loss or damage allegedly sustained by any person or property as a result of Contractor’s operations hereunder, agrees to defend any suit or action brought against them or any of them, and to pay all damages, losses, costs and expenses, including attorney’s fees, allegedly arising in any way out of the performance of Work hereunder by Contractor and its agents and employees and its subcontractors, their agents and employees” (art. XVI of “General Conditions ”).
There are special provisions with respect to blasting operations, which are
‘ ‘ 4. Where blasting is necessary, every precaution must be taken to minimize damage and inconvenience to land owners and tenants along the line, to telephone lines, existing pipe lines and their appurtenances. Every possible precaution must be taken to prevent injuries and damage to person and property. No blasting shall be allowed without prior permission of Engineer and notice to landowners, adjacent land owners and other obviously interested parties, provided such landowners and interested parties have improvement on the land which might be affected by blasting.
“ 5. Contractor assumes entire responsibility and liability and agrees to indemnify and hold harmless Company and its representatives against any damages or claims for damage sustained or alleged to have arisen out of blasting and other operations of Contractor in connection with rock excavation” (art. XI of “ Specifications ”).
There are also provisions in the agreement for the carrying by the contractor (Williams Company) of manufacturer’s and contractor’s public liability insurance.
With respect to the liability on contract of the parties thereto to the plaintiff, the question is whether or not the parties to the *279 particular agreement intended to contract for the benefit of third persons whereby said parties (or one of them) were to be directly obligated to third persons for injuries to person or property occurring through the acts of the contractor. Now, in the first place, there is nothing whatever in the agreement indicative of a promise on the part of the Gas Transmission Company to assume or pay property damages sustained by third persons by reason of the acts of the contractor, so the complaint is readily dismissed as to said Company.
Now as to the liability of the contractor (Williams Company): The construction contended for by the plaintiff would require this court to hold that the parties actually agreed that the contractor should be directly responsible to third persons for injuries to person or property by reason of any and all acts and operations of the contractor occurring in the course of the work irrespective of whether or not one or both of the parties were at fault. The incurring of such a broad responsibility directly to third persons is not to be found in the absence of a clear intent to that effect. The rule is that, in order that a third party not named in a contract may recover thereupon, the intent to confer a direct benefit upon him must clearly appear. (17 C. J. S., Contracts, § 519, subd. c, par. [2], cl. [c], pp. 1127-1130 and cases cited; also Beveridge v. New York El. R. R. Co., 112 N. Y. 1, 26; Leary v. New York Cent. R. R. Co., 212 App. Div. 689; Martin v. Peet, 92 Hun 133, 138.)
If it was clearly the intent of the parties to impose a direct obligation on the contractor (Williams Company) in favor of third persons including the plaintiff, the latter may sue on contract. (See Coley v. Cohen, 289 N. Y. 365; Vance v. Yonkers Contr. Co., 280 App. Div. 839.) On the other hand, if the intention was merely to provide for indemnification of the Gas Company for any and all damages that might be awarded against it for acts of Williams Company, then the provisions of the contract could not be used as the basis of a right of action in the plaintiff. (See Coster v. Coster, 289 N. Y. 438, 443.)
The question of whether there is a contract obligation to the plaintiff, is, of course, to be determined from a reading of the contract as a whole, and the court has concluded that there is no clear intent evinced that the contractor would be directly obligated to third persons. Bather, the court is of the opinion that the contractor merely agreed to assume “ entire ” responsibility as between itself and the Gas Company and 1 ‘ to indemnify and hold harmless ” the said Company.
*280 The complaint is dismissed as to both defendants. Submit order on notice.
(June 16, 1954.) On Application for Reargument.
This is an application for reargument of the motion to dismiss the complaint herein. Such motion was granted as to both defendants, this court holding by memorandum of decision published April 28, 1954, that the complaint did not state facts sufficient to constitute a cause of action.
The plaintiff acknowledges that the dismissal of the complaint as to the defendant owner (Algonquin Gas Transmission Company) “ was wholly justified ”, but contends error in dismissing the complaint as against the defendant contractor (Tulsa Williams Company). Reargument has been permitted and the matter is reconsidered.
The sufficiency of the complaint as against the contractor is, of course, to be determined from the facts before the court, namely, the facts alleged in the complaint together with the provisions of the construction contract which has been expressly made a part of the complaint. If liability of the contractor directly upon contract to the plaintiff for her alleged blasting damage is not established by such facts and the contract provisions, then the complaint may not be sustained as against the contractor.
This court, in its original memorandum, in effect held that the contractual provisions relied upon by plaintiff, viewed in the light of the surrounding circumstances, were not intended to directly obligate the contractor to the plaintiff and others similarly circumstanced. The plaintiff, however, suggests that the court either overlooked or did not give due consideration to certain provisions of the contract appearing in an article headed “Right of Way”. Reasonably construed, however, said provisions refer to the restoration and repair of damaged property upon the right of way. The agreement expressed is that the contractor “ shall restore all damaged property, including but not limited to buildings, fences, * * * occupied or crossed in said construction ’ ’, also, that, ‘ ‘ when it is necessary to repair property damaged in the prosecution of the work, such property shall "be put into as good condition as before damage occurred.” To hold that these provisions obligate the contractor with respect to property situate beyond the right of way is not reasonable. To so hold would require the contractor to do that which it would have no right to do inasmuch as it is clear that it would have no right to enter upon lands beyond the right of way limits to “ restore ” or “ repair ” damaged property or to put *281 such property “ into as good condition as before damage occurred. ’ ’
Now, bearing in mind these provisions and the provisions of the contract referred to in the original memorandum of decision, it is important to note that the complaint does not allege that plaintiff’s property was situate upon, “ along the line of ” or “adjacent” to the right of way upon which the work was performed.
In any event, the court has concluded that the sustaining of a right of recovery under the allegations of this complaint would be contrary to the general rule that, in order to permit a recovery in favor of a third-party beneficiary, there is required a promise, express or implied, to make payment to him, and the court is of the opinion that there is nothing shown to justify an exception to that rule in this case.
The decisions cited by plaintiff are distinguishable. It is to be noted that certain of these cases are “ public contract cases ” involving contracts by a State or municipal corporation with a contractor for public work. Such cases come within a special rule to the effect that the right of a third party is to be upheld where a State or municipality contracts to protect its inhabitants by covenants for their benefit. (See Seaver v. Ransom, 224 N. Y. 233, 238, Ann. 2 A. L. R. 1193.)
The three cases especially referred to by plaintiff are clearly distinguishable. In all were contractual provisions indicating an intent on the part of the contractor to obligate himself to pay directly to third parties all damages sustained by them. In Coley v. Cohen (289 N. Y. 365, 368, supra), the special provisions in the contract with respect to the blasting were to the effect that ‘ ‘ ‘ All blasting necessary on this contract shall be done with the express provision that the Contractor shall be and is hereunder responsible for any and all damages and claims arising from such blasting or by accidental explosions, and for the defense of all actions arising from such causes. ’ ” The Court of Appeals held (p. 370) that “ The term ‘ accidental explosion ’ in the clause under consideration indicates an intent to cover every situation as a result of which damage is done. As used in the contract that expression is intended to include unavoidable accidental explosions for which the contractor ordinarily Avould not be liable ”. Further (p. 371) that “ by the clear intent of the parties as indicated by an examination of the contract taken as a whole, the clause dealt with an independent subject and created an obligation on the contractor in favor of third parties ” for blasting damages. It is to be noted that the said clause declares absolutely and without condition *282 the responsibility of the contractor for blasting damage. On the other hand, the clause with respect to blasting in the contract now before the court, instead of declaring the liability of the contractor for blasting damage, is construed by this court as requiring the contractor to use ‘1 every precaution” to prevent and minimize damages, and to “ indemnify and hold harmless ” the gas transmission company.
In Wilson v. Costich Co. (231 App. Div. 346, 347) the contract was with a municipality for a public improvement, and there was a provision that, “ ‘ In case any injury is done along the line of the work in consequence of any act or omission on the part of the Contractor, or his employees or agents, in carrying out any of the provisions or requirements of this contract, the Contractor shall make such repairs as are necessary in consequence thereof, at his own expense and to the satisfaction of the Engineer, and in case of failure on the part of the Contractor to make such repairs, they may be made by the Engineer, and the expense thereof shall be deducted from any moneys due or to become due the Contractor under this Contract. ’ ” The jury there by its verdict found that the plaintiff’s premises were so located as to be physically within the contemplation of the quoted provision of the contract, i.e. ‘ ‘ ‘ along the line of the work ’ ”, and the court held that the jury’s conclusion was not against the weight of the evidence. The court expressly noting that this was a “ ‘ public contract case ’ ” held, in effect, that the contractor had by the provisions of the contract, assumed an obligation to save harmless the owners of all property near enough to be placed in jeopardy by the operations of the contractor and that the court should effectuate the “municipal effort to protect ” such owners (p. 352).
In Trumpbour v. Arthur A. Johnson Corp. (250 App. Div. 856, affd. 277 N. Y. 609) it appeared, according to the memorandum of the case, that the contract was one between the defendant and the State of New York for the construction of part of a parkway extension and that “ The contract contained a provision that defendant should bear all damages to property resulting from the work of construction ”. The Appellate Division of this Department (Adel and Taylok, JJ., dissenting), held the contractor liable for damages to plaintiff’s house resulting from blasting operations of the contractor.
In these three cases specifically cited by plaintiff, there was held to be present a contract obligation in favor of third parties to respond directly to them for blasting damages. The court is of the opinion, however, that no such obligation is established in favor of plaintiff by the allegations of the complaint in the *283 case at bar. Of course, such an obligation may be implied where the contract and surrounding circumstances indicate a clear intent on the part of the parties to so obligate the contractor, but the court is unable to find such intent here in the contract before it. In its determination as to the construction and effect of the contract, the court may not write therein an obligation not reasonably to be inferred from the wording of the contract and the pleaded relevant circumstances.
The court is definitely of the opinion that, even in the case of blasting damage, the rule still is that liability of a construction contractor to third parties must rest upon allegation and proof of negligence in absence of a showing that it was the intent of the parties to the construction contract that the contractor should be responsible for such damage irrespective of fault. Inasmuch as the court is unable to conscientiously find the existence of such intent here, the decision that the complaint be dismissed is adhered to.
Submit order on notice.