ORTO THEATRES CORP., Plaintiff, *v.* HARVEY B. NEWINS et al., Defendants.

HARVEY B. NEWINS, Plaintiff, *v.* ORTO THEATRES CORP. et al., Defendants.

Supreme Court, Special Term, New York County, February 23, 1955.

*Rubin, Baum & Levin* for Arnold M. Grant, defendant.

*William G. Mulligan* for Harvey B. Newins, defendant and plaintiff.

*Daniel H. Greenberg* for Orto Theatres Corp., plaintiff and defendant.

MATTHEW M. LEVY, J. The plaintiff Orto is a corporation. It sues (among others) one Newins, a stockholder and formerly an officer and director of Orto. The action is for an accounting, for a money judgment for funds allegedly wrongfully diverted,

disbursed and converted by the defendant to his own use, and to compel delivery to the plaintiff of certain corporate books and records in the defendant's possession. In his answer, the defendant counterclaims against the plaintiff Orto along with one Grant, another stockholder and director of Orto. This is a motion by the impleaded defendant Grant to dismiss the counterclaim against him upon the ground that it is apparent on the face of the pleadings that the counterclaim is improper and improperly interposed in this action.

In its suit against the defendant Newins, the plaintiff Orto complains (among other things) of certain loans allegedly made by Newins to Valon Theatres Corp. without the knowledge or consent of Orto, and which were claimed to have been converted to Newins' personal use. The counterclaim interposed by Newins, bringing in the defendant Grant, puts in issue the allegations contained in the complaint, including those wherein plaintiff Orto charges defendant Newins with misconduct in relation to Valon; and Newins also alleges certain deals with respect to Valon resulting, according to Newins, in certain recoverable losses to Orto and improper gains to Grant. Alleging that Orto is dominated and controlled by Grant, Newins asserts that there is no point in his demanding that Orto sue Grant, and Newins interposes the counterclaim against Orto (the plaintiff) along with Grant (the impleaded defendant). In so pleading, Newins expressly asserts that he is suing not in his individual right but as a stockholder of Orto. In paragraph " 28 " of the answer Newins alleges that: " 28. Newins asserts this Counterclaim as a stockholder of Orto on behalf of himself and all other stockholders of Orto similarly situated and in the right of Orto." And in his prayer for relief Newins asks for " judgment on Newins' Counterclaim in favor of Orto and against defendant Grant."

It might be noted at this point that in the answer in which he sets forth his counterclaim, the defendant Newins sues as " Harvey B. Newins, plaintiff ". That is not the usual form of title of a stockholder's derivative action. Ordinarily, the title would be the name of the plaintiff, individually, and on behalf of all stockholders similarly situated, of the corporation involved. It may be that Newins preferred to indicate in the caption that he is suing in an individual capacity in order to avoid the possibility of claim that he is counterclaiming in a different capacity from that in which he is being sued. But, of course, the mere language or format of the title of the action does not control — rather it is the substance of the counterclaim

(cf. *Security Trust Co. of Rochester* v. *Pritchard,* 201 App. Div. 142). And it is clear from paragraph 28 of the answer interposed by Newins (and his prayer for relief) that he is proceeding in his counterclaim, not for himself but for the corporation, on the basis of a derivative action.

The plaintiff's action is a traditional suit in equity. The defendant's counterclaim (if allowed to stand) would substantially change the nature of the litigation to that of a stockholder's derivative suit. It is not, of course, the mere lack of symmetry in the litigation that gives me pause. It is the substance of the new controversy. A stockholder's derivative action is a class suit, and, in many respects, is in a technical class by itself (General Corporation Law, art. 6). Some of its important features and concomitants are such that it is not always wise or expedient to have its process or procedure affected by rules easily applicable to other types of actions. While the minimization of multiplicity of litigation is a due aim of proper judicial administration, the avoidance of unnecessary confusion and of undue interference with the prompt disposition of justiciable controversies is equally appropriate. Granting the motion to dismiss this counterclaim may result in multiplicity of actions, but that cannot always equitably be avoided. Therefore, unless applicable statute or authoritative precedent compel a contrary result, I would dismiss the counterclaim, without prejudice to the institution by the defendant Newins of an independent action. I find, upon study, that I am not required to arrive at a result contrary to my own thinking.

It is urged upon me by the opposition to the motion to dismiss that because it is the corporation which is the initial plaintiff, and the defendant Newins has counterclaimed against the corporation along with the third person Grant in pursuance of section 271 of the Civil Practice Act, the counterclaim is proper. That section provides that: " Where a defendant sets up any counterclaim which raises questions between himself and the plaintiff along with any other persons, he shall set forth the names of all the persons who, if such counterclaim were to be enforced by cross action, would be defendants to such cross action. Where any such person is not a party to the action he shall be summoned to appear by being served with a copy of the answer. A person not a party to the action who is so served with an answer becomes a defendant in the action as if he had been served with the summons. Any such person named in an answer as a party to a counterclaim may reply thereto within the time within which a defendant might serve an answer

to a complaint, or he may serve a notice of appearance on the party interposing the counterclaim."

It is argued that the section permits a defendant to set up a counterclaim which raises questions between himself and the plaintiff along with other persons, and that to satisfy the requirement of the statute all that defendant Newins had to do was to set forth the name of defendant Grant as if he were a defendant in a cross action and to serve upon him personally a copy of his answer, and that thereupon defendant Grant became a party defendant as if he had been served with a summons. *Gilbert Geer, Jr., & Co.* v. *Fagan* (255 App. Div. 253) is relied upon by the defendant Newins in opposition to Grant's motion. There, a corporation sued a minority stockholder for moneys claimed to be due it. The defendant stockholder set up a counterclaim against the plaintiff corporation along with its directors, for mismanagement and for an accounting and the payment to the defendant of his share of the corporate income misappropriated. Special Term dismissed the counterclaim " as one which might not properly be interposed because the proceeds to be realized as the result thereof belonged to the corporation and not to the defendant stockholder." (P. 253.) The Appellate Division reversed, and in so doing, stated (p. 254) that the counterclaim " is made against the plaintiff corporation and the individual directors who are alleged to be liable not to the plaintiff but to the answering defendant stockholder. A money judgment in his favor against the corporation and its directors is asked for. * * * This case would thus appear to be one of those which the newly liberalized statute [Civ. Prac. Act, § 266] was intended to include." The *Geer* case, in my view, is not applicable to the present situation. As pointed out in *Binon* v. *Boel* (271 App. Div. 505, 509, affd. 297 N. Y. 528):

" While some of the relief sought by defendant in the cited case [the *Geer* case] might appear to be derivative in nature, it was not so pleaded. The court held that the matters involved might be properly the subject of counterclaims. But it is to be noted that the plaintiff there was a corporation suing in its own right and not a stockholder suing derivatively, and the counterclaims were against the plaintiff and others (Civ. Prac. Act, § 271.)

" Here the counterclaims of Rosemarie and Binon are asserted against a stockholder suing derivatively. They are not properly interposed under the circumstances, and should be stricken without prejudice to an independent action thereon."

I am not impressed with the thought that section 271 should be construed not to apply to a case where a plaintiff (along with another) is named by the defendant in his counterclaim merely because (in view of the nature of the claim) the plaintiff *must* be so named, and where the controversy is really between the defendant and the third person, with the plaintiff a nominal although a beneficiary nominee. The section requires that (1) the counterclaim must raise questions between the defendant " and the plaintiff along with any other persons " and (2) the defendant " shall set forth the names of all the persons who, if such counterclaim were to be enforced by cross action, would be defendants to such cross action." The section is by its terms broad enough to include a counterclaim setting up a stockholder's derivative cause of action. And in that type of action, the corporation is an indispensable party. (*Carruthers* v. *Jack Waite Min. Co.,* 281 App. Div. 956; *Clarke* v. *Greenberg,* 296 N. Y. 146; cf. *Weinert* v. *Kinkel,* 296 N. Y. 151; 13 Fletcher's Cyclopedia Corporations [1943 rev. vol.], § 5997, and Civ. Prac. Act, § 193.)

But, while section 271 expands the area of the personnel who may be made parties in the same action, it does not, in my view, give greater substantive meaning to the nature of a counterclaim as defined in sections 266 and 267. Prior to 1936, section 266 of the Civil Practice Act defined a counterclaim to be one which " must tend to diminish or defeat the plaintiff's recovery ". That section was amended, and a " counterclaim " was defined as one which " may be any cause of action in favor of the defendants or some of them against the plaintiffs or some of them ". This amendment was in accordance with the recommendation of the Judicial Council (see Second Annual Report of N. Y. Judicial Council, 1936, pp. 123–133), so that the " sole test consonant with the purpose of a counterclaim should be whether or not the counterclaim can be conveniently and justly determined in connection with the plaintiff's cause of action." (P. 123.) But even so, " In the pleading of counterclaims, the debts asserted between plaintiff and defendant must be mutual, and, to be mutual, the debts must be to and from the same persons in the same capacity." (4 Carmody-Wait on New York Practice, p. 447.) The Court of Appeals in *Ruzicka* v. *Rager* (305 N. Y. 191) authoritatively made that principle quite clear. The case involved the question whether, in an action to enforce a partnership claim, a counterclaim may be interposed by which the defendant seeks to impose a nonpartnership liability against the partners individually. The court (p. 198) held " that the

claim and counterclaim must be between the same parties ", and that " new section 266 did not alter the rule that a claim and counterclaim must be by and against the same party in the *same capacity.*" (But cf. 28 St. John's L. Rev. 125.)

The rule thus stated has been held to apply where the plaintiff is suing in a stockholder's derivative action in behalf of the corporation, and the defendant sought to interpose a counterclaim against the plaintiff individually. " We have frequently held that despite the broad provisions of section 266 of the Civil Practice Act, stockholders suing derivatively are not subject to counterclaim against them as individuals." (*Binon* v. *Boel,* 271 App. Div. 505, 508, affd. 297 N. Y. 528, *supra.*) In *Select Theatres Corp.* v. *Harms, Inc.* (273 App. Div. 505, 506) the court said: " Although amended section 266 of the Civil Practice Act (L. 1936, ch. 324), effective September 1, 1936, had liberalized the practice relating to the pleading of counterclaims, that section has not abolished the rule that the debts asserted between plaintiff and defendant must be mutual and, to be mutual, the debts must be to and from the same persons in the same capacity  *  *  *. Plaintiff in this action asserts no claim on behalf of itself. It has no standing in this action apart from that which is derived as a stockholder and, if successful, any recovery would inure not to the benefit of plaintiff but to the benefit of the corporation in whose behalf the action is brought." In the *Binon* case (*supra*) the court noted (p. 508) that the " broad definition [of Civ. Prac. Act, § 266] did not intend that the right or interest in which a plaintiff was suing should be disregarded is indicated by the provisions of subdivision 3 of section 267 of the Civil Practice Act, which states in substance, that if a plaintiff ' has no actual interest in the contract upon which ' an action is founded, ' a demand against the plaintiff shall not be allowed as a counterclaim  *  *  * ' " and then went on to say (p. 509): " That defendant's claim if successful would bring additional benefits to the corporations in whose behalf plaintiff is suing would not make them proper as counterclaims.  *  *  *  Nor would the circumstance that the claims relate to the same transactions be determinative as to whether they could properly be asserted as counterclaims where the plaintiff has no personal interest in the result."

There is no case on all fours that has been cited by counsel or found by me. The decided cases do come down to this: Where A (on behalf of himself and others similarly situated, for the benefit of X corporation) sues B individually, B is not permitted to interpose a counterclaim against A individually. Should the

rule be different in the instant case, where X corporation (on its own behalf) sues B individually, and B (on behalf of himself and others similarly situated) seeks to interpose a counterclaim against G, and in doing so names X corporation (the plaintiff) as a codefendant, for whose benefit B is prosecuting the claim against G?  I think not.  And I do not (from the face of the pleadings) see where the advantages which it is claimed will flow from a single action and trial of the several issues here might not be overweighed by the problems presented.  Certain it is to me that whether there is likely to be benefit or disadvantage, in ultimate balance, might better be resolved by keeping the issues apart initially at the process and pleading stage, and letting the matter be subsequently resolved upon due application for consolidation or joint trial (Civ. Prac. Act, §§ 96, 96-a; see Hornstein, Problems of Procedure in Stockholder's Derivative Suits, 42 Col. L. Rev. 574, 594).

The motion to dismiss the counterclaim is granted accordingly, without prejudice to the institution of an independent action.