Nicholas M. Pette, J.
In this stockholders’ derivative action, the defendants have made a six-prong motion directed to the amended complaint served herein.
The first branch of the motion seeks to dismiss each and every cause of action and the amended complaint in its entirety on the ground of res judicata.
The defendants contend that heretofore in an order dated July 6, 1962, this court dismissed a complaint in this action in its entirety which is substantially the same, except for insignificant changes of verbiage, to the instant amended complaint.
Upon a reading of the court’s decision dated June 28, 1962, and the order made in connection therewith dated July 6, 1962, it is clear that the former complaint was dismissed merely because the plaintiffs attempted to plead a derivative cause of action, entitling it “ Victor S. Lait, et ah, individually, and as stockholders of Data-Guide, Inc., and for others similarly situated ” which was an improper labeling of a derivative cause of action. (Hafter v. Empire State Fish Co., 61 N. Y. S. 2d 105.) The instant amended complaint has corrected the afore-mentioned defect in that the action is now entitled “ Victor S. Lait, et al., individually and as stockholders of Data-Guide, Inc., suing on behalf of themselves and all other stockholders of Data-Guide, Inc., similarly situated and in the right of Data-Guide, Inc.” which is a proper title for a stockholders’ derivative action. (Orto Theatres Corp. v. Newins, 207 Misc. 414; see, also, Isaac v. Marcus, 258 N. Y. 257; Bako Realty v. Hays, 153 N. Y. S. 2d 442, affd. 3 A D 2d 834.) Thus, it is apparent that the defect in the original complaint, solely assigned by the court, has been corrected. Therefore, the prior dismissal for insufficiency is not a bar to the amended complaint herein. (See United Sheet Metal Works v. Farrell Lines, 130 N. Y. S. 2d 276, affd. 283 App. Div. 712; Campbell v. Nassau County, 192 Misc. 821, affd. 274 App. Div. 929; Pearson v. Pearson, 29 Misc 2d 677, 678, revd. on other grounds 15 A D 2d 554; see, also, Rager v. McCloskey, 305 N. Y. 75, 78.) Accordingly, the first branch of the motion is in all respects denied.
The second branch of the motion seeks to dismiss each and every cause of action and the amended complaint in its entirety on the ground of legal insufficiency.
*802 The defendants, in support of this branch of the motion, state that the plaintiffs herein have attempted to plead a stockholders ’ derivative action naming as defendants Joseph L. Leon, Masha Leon and Data-Guide, Inc., and its wholly owned subsidiary, Data-Guide Distributing Corp. The defendants contend that the first cause of action, in essence, alleges that the defendants Joseph L. Leon and Masha Leon induced the plaintiffs and other stockholders to purchase shares in Data-Guide, Inc., making representations that their salaries from said corporation were not to exceed $10,000 per year for Joseph L. Leon and $6,500 per year for Masha Leon, but in the fiscal years 1958/59, 1959/60, 1960/61 and 1961/62 the salaries of the afore-mentioned individual defendants from both corporations involved herein exceeded these sums and that although the agreement was between the plaintiffs and the individual defendants, the defendant corporations were third-party beneficiaries and thus entitled to enforce the agreement.
The defendants claim that the corporate defendants were not third-party beneficiaries and thus the cause of action is legally insufficient. Furthermore, the defendants argue that these allegations are repeated and realleged in the subsequent causes of action, together with conclusory statements. Therefore, each of the other causes of action are likewise insufficient.
Initially, it should be noted that stockholders of a parent corporation may commence a stockholders’ derivative action for wrongs inflicted upon that corporation’s subsidiaries. (See Kaufman v. Wolfson, 1 A D 2d 555; Holmes v. Camp, 180 App. Div. 409.) Thus, the instant action which is a double derivative stockholders’ suit is proper.
Furthermore, the first cause of action herein which, in addition to pleading a claim to enforce the agreement between the individual defendants and the plaintiffs on behalf of the defendant corporations as third-party beneficiaries, includes allegations charging improper personal benefit or profit by the directors and officers Joseph L. Leon and Masha Leon, in violation of their fiduciary duty to both defendant corporations, including the unlawful appropriation of sums of money from the defendant corporations for expenses which were not actually incurred; the receipt by Joseph L. Leon of unlawful commissions and sums of moneys from authors with whom Data-Guide, Inc., had royalty agreements, by reducing the amount to be taken by the authors and keeping the difference; by taking property and equipment from the defendant corporations to their homes and appropriating the same for their own use, without compensating the defendant corporations; by maintaining a telephone at their *803 home for their own use, charging the cost to the defendant corporations and by forming a new corporation in which Joseph L. Leon was the sole stockholder and principal officer and director and which he operated for his own use and benefit, using the property, assets, facilities and premises of the defendant corporations without compensation, are sufficient to plead a stockholders’ derivative action. (See Brilliant v. Long Is. Waste Co., 23 Misc 2d 788, affd. 9 A D 2d 926.)
The remaining causes of action, which include allegations concerning the payment by Data-Guide, Inc., of legal services rendered to Joseph L. Leon personally; the payment of sums of money by the corporate defendants for the settlement of a lawsuit in which the individual defendants were the primary actors and the persons who would have been ultimately liable and the causing of payment by the defendant corporations to the defendant Masha Leon of moneys for purported services as an officer of the defendant corporations which was, in fact, a subterfuge since the defendant Joseph L. Leon actually received such payments (see Brilliant v. Long Is. Waste Co., supra; see, also, Rubino v. Empire Heating Corp., 205 N. Y. S. 2d 562) and that inasmuch as the individual defendants were directors of Data-Guide, Inc., as well as officers, and the by-laws of Data-Guide, Inc., provide that no director may vote on any resolution relating to his salary and that at a meeting of the board of directors on October 2, 1958, the individual defendants voted to increase their respective salaries over the opposition of the third director (see Jacobson v. Brooklyn Lbr. Co., 184 N. Y. 152; Hirsch v. Jones, 115 App. Div. 156; Miller v. Crown Perfumery Co., 57 Misc. 383) are all sufficient to plead a stockholders’ derivative action.
Thus in the case at bar, it is apparent that a substantial portion of the amended complaint and each cause of action therein is sufficient. Since the notice of motion to dismiss is directed against the entire amended complaint and each cause of action therein and not specifically to any part thereof, and since each cause of action and the amended complaint are sufficient without those allegations which are objected to, the motion to dismiss must be denied. (See Chesny v. Chesny, 277 App. Div. 879, 880.)
Accordingly, the second branch of the motion is in all respects denied.
The third branch of the motion seeks to dismiss each and every cause of action and the amended complaint in its entirety on the ground that the causes of action therein did not accrue within the Statute of Limitations.
*804 The defendants, in support of this branch of the motion, contend that a three-year Statute of Limitations governs actions alleging waste of corporate assets; thus, the second, third, fourth and sixth causes of action, which allege that the wrongs took place in 1958, are barred by the three-year Statute of Limitations. The seventh cause of action should likewise be barred inasmuch as it incorporates by reference the first cause of action and the fifth cause of action should be barred since it alleges wrongs which occurred in 1952.
In a stockholders’ derivative action, the three-year Statute of Limitations is applicable where the gravamen of the action is waste of corporate assets. However, the six-year Statute of Limitations is applicable if the complaint charges improper personal benefit or profit by directors and officers. (See Gottfried v. Gottfried, 269 App. Div. 413; Steinberg v. Altschuler, 158 N. Y. S. 2d 411.) Furthermore, the six-year Statute of Limitations will apply in an action which primarily charges improper personal benefit or profit by directors and officers even if the complaint to some degree involves a claim of waste of corporate assets. The Statute of Limitations will only bar those acts committed six years or more preceding the commencement of the action and not the entire action if some acts were committed within the period of the applicable Statute of Limitations. (Rubino v. Empire Heating Corp., supra.) In the case at bar, the entire amended complaint seems to charge primarily the improper personal benefit or profit by directors and officers. Thus, the court is of the opinion that the six-year Statute of Limitations is applicable. Furthermore, there are charges of wrongdoing in the amended complaint, the dates of which are not set forth, which include some of the allegations of the first cause of action, e.g., the taking of property and equipment of the corporate defendants by the individual defendants for their own use and the use of the corporate defendants’ property, assets, facilities and premises by another corporation in which the defendant Joseph L. Leon is the sole stockholder and principal officer and director without compensation and the allegations of wrongdoing in the fifth cause of action as well as the seventh.
Under these circumstances, the third branch of the motion in its entirety must be denied, without prejudice to a pleading of the Statute of Limitations as a defense in the answer to be served herein, or, in view of the disposition to be made hereinafter, another motion pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice.
The fourth branch of the motion seeks to strike, pursuant to rule 103 of the Rules of Civil Practice, the first, second, third, *805 fourth, fifth, sixth and seventh causes of action and the amended complaint in its entirety on the ground that the same are redundant and repetitious.
The defendants, in support of this branch of the motion, contend that the successive causes of action herein include all or part of the preceding causes of action by incorporation by reference. Therefore, the defendants argue, the successive causes of action are redundant and repetitious and should be stricken.
The incorporation by reference of matter from preceding causes of action, presenting substantially the same issues, is redundant and warrants striking. (Chapin v. Elson, 136 N. Y. S. 2d 914; see, also, Gatti Paper Stock Corp. v. Erie R. R. Co., 247 App. Div. 45, affd. 272 N. Y. 535.)
It is worthy of note at this point that in a stockholders’ derivative action which charges improper personal benefit or profit by directors and officers, or waste of corporate assets, although there are a number of acts of the same or varied character, each act or category of acts does not constitute a cause of action, but merely part of a single cause of action. (See Covey v. England & McCaffrey, 233 App. Div. 332; Tomasello v. Trump, 29 Misc 2d 713.) Thus, since the instant amended complaint has fragmentized into several causes of action various acts and categories of acts which resulted in improper personal benefit or profit by directors and officers, or waste of corporate assets, it must be corrected.
Accordingly, the fourth branch of the motion is granted as follows: The plaintiffs are directed to serve a further amended complaint including in one cause of action, in paragraphs numbered consecutively, each as nearly as may be contained in a separate allegation, the various acts or categories of acts which serve as the basis for the plaintiffs ’ claim.
The fifth branch of the motion seeks, pursuant to rule 102 of the Rules of Civil Practice, the service of a further amended complaint requiring the plaintiffs to make more definite and certain the allegations of paragraphs 19, '20, 21, 22, 29, 30, 41, 42 and 43 by setting forth the date or dates when the acts specified in said paragraphs were alleged to have taken place, to enable the defendants to plead the Statute of Limitations.
In a derivative stockholders’ action where the complaint is silent as to the dates of the occurrence of the alleged wrongs, where it may be that the defendants may move to dismiss a portion of the complaint pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, to wit, the claim is barred by the Statute of Limitations, the court will require the plaintiffs to serve an amended complaint making the allegations more definite *806 and certain with respect to the date or dates the acts complained of are alleged to have occurred. (Manacher v. Central Coal Co., 2 A D 2d 667; Marco v. Sachs, 270 App. Div. 948.)
Accordingly, the fifth branch of the motion is granted and the further amended complaint to be served as heretofore directed will make the paragraphs enumerated in the notice of motion more definite and certain by setting forth the date or dates when the acts specified in said paragraphs are alleged to have occurred.
The sixth branch of the motion, which seeks the service of a further amended complaint in which the plaintiffs will be required to separately state and number the various causes of action improperly commingled, is denied in view of the reasoning set forth in connection with the fourth branch of the motion.