Harold Tessler, J.
In a stockholders’ derivative suit, the defendants move to strike paragraphs 10 through 18 of the complaint and the complaint in its entirety for legal insufficiency. The plaintiffs cross-move to dismiss the primary motion on the ground that the defendants are stayed in all proceedings pursuant to section 1520 of the Civil Practice Act.
The cross motion is denied inasmuch as the costs imposed by the Appellate Division were paid prior to the return day of this motion.
That branch of the defendants’ motion wherein the dismissal of the complaint in its entirety is sought is denied. A prior motion for the same relief was denied by Mr. Justice Pette of this court. (Lait v. Leon, 37 Misc 2d 800, affd. 19 A D 2d 540.) *61 No prior motion has been made to strike paragraphs 10 through 18, however, and the court will consider this branch on the merits. Initially, it should be noted that portions of causes of action may be dismissed where (as in the case at bar) allegations as to distinct transactions are readily separable. (Myer v. Myer, 271 App. Div. 465, 476.)
The plaintiffs contend that Justice Pette’s decision (Lait v. Leon, supra) upheld the sufficiency of the separate cause of action pleaded in these paragraphs. They err on this point. The portion of Mr. Justice Pette’s decision quoted in the plaintiffs’ brief is taken out of context. When it is read in context, it is obvious that it is merely a statement or paraphrase of the plaintiffs’ contentions and arguments. In no way does it constitute a holding or even dicta on the part of Justice Pette. The defendants also err, however, when they state that the Appellate Division has expressed doubts as to the validity of the cause. The Appellate Division merely stated that it did not pass on the question. (Lait v. Leon, 19 A D 2d 540, 541, supra.)
The instant motion raises the question squarely and this court must now pass on it. The question which was stated concisely by the Appellate Division is “ whether a cause of action is sufficiently pleaded on behalf of the corporation as a third-party beneficiary upon an alleged agreement between the plaintiff stockholders and the individual defendants limiting the salaries to be paid to the latter.”
The first nine paragraphs of the further amended complaint are common to each cause of action set forth therein. The court will read these paragraphs in conjunction with paragraphs 10 through 18 to determine if the cause of action now under consideration has been sufficiently pleaded.
In paragraphs 1 through 9, plaintiffs allege that they bring the action as stockholders of defendant Data-G-uide, Inc., on behalf of plaintiffs themselves and all other similarly situated stockholders and in the right of the said corporation; that the said defendant was organized with an authorized capital stock of 1,000 shares having no par value and with voting rights, which shares are denominated “ Class A”; that after the corporation’s organization, the certificate of incorporation was amended by the addition of another class of stock denominated ‘ ‘ Class B ’ ’ in the amount of 2,000 shares having no voting rights and bearing no par value; that the plaintiff Victor S. Lait, M.D., is the owner of 109 out of 1,000 shares of Class A stock; plaintiff Rosalind Wagreich was and now is the owner of 5 shares of Class A stock and plaintiff Robert R. Yanover, M.D., is the owner of 50 shares out of the total of 246 issued shares of Class B *62 stock; that the individual defendants are married to each other and together own 63.95% of the voting stock of the corporation; that the individual defendants are president and vice-president of each of the defendant corporations, are two of the three members of the board of directors of the said corporations and that they have had and maintain unto themselves complete and absolute control of the affairs of the defendant corporations, and that the defendant Data Guide Distributing Corp. is a wholly-owned subsidiary of defendant Data-Guide, Inc.
In paragraphs 10 through 18 plaintiffs allege that they were solicited and induced by the individual defendants to purchase stock in the defendant Data-Guide, Inc.; that the individual defendants represented to plaintiffs and those similarly situated that they desired to retain control of the corporations and would therefore cause to be created a new class of stock having no vote; that such class of stock was thereafter created; that as an inducement to plaintiffs and others similarly situated to purchase the stock, the individual defendants stated orally and in writing that in order to assure plaintiffs a fair share of the corporate defendants’ earnings and to preserve the corporation’s assets, the compensation of the officers would be limited in accordance with a certain schedule delivered in writing, which set forth the conditions precedent which would have to occur before the corporate officers could receive increases in salaries; that in reliance on the aforesaid representations, solicitations and inducements the plaintiffs and others specified in the complaint accepted the offer and purchased various shares of stock; that it was the intention of the parties to the agreement so arrived at that the corporations should benefit therefrom by reason of the said limitation on the salaries of the officers, thus making the corporations third-party beneficiaries thereto; that at no time did any of the conditions precedent occur or arise which would entitle the individual defendants to yearly salaries in excess of $10,000 for defendant Joseph L. Leon and $6,500 for defendant Masha Leon; that during each of the fiscal years 1958-1959 and 1959-1960 the individual defendants wrongfully granted to themselves and took unto themselves salaries in the sum of $17,500 for defendant Joseph L. Leon and $5,200 for defendant Masha Leon; that during each of the fiscal years 1960-1961 and 1961-1962 the defendant Joseph L. Leon wrongfully granted and took unto himself salaries in the sum of $15,000 from Data-Guide, Inc., and $4,500 from Data Guide Distributing Corp. and defendant Masha Leon wrongfully granted and took unto herself the sum of $1,500 from Data-Guide, Inc., and $5,500 from Data Guide Distributing Corp. *63 and that at various and diverse times plaintiffs requested that defendants disclose all of the amounts of salaries, bonuses, emoluments and other considerations and things of value taken by them from the corporations but that the individual defendants repeatedly and contumaciously refused to comply. For the purpose of this motion the court must assume all of the allegations set forth in the further amended complaint to be true.
The doctrine of Lawrence v. Fox (20 N. Y. 268) “ makes actionable a promise made by a defendant upon valid consideration to a third person for the benefit of the plaintiff although the plaintiff was not privy to the consideration.” (Fieger v. Glen Oaks Vil., 309 N. Y. 527, 535.) In this stockholders’ derivative suit the defendant corporation Data-Guide, Inc. may be considered to be a plaintiff since the suit is brought in the right of the said corporation.
Lcmrence v. Fox does not apply to every case in which a person claims to be a “ third-party beneficiary ” of a contract between two others. It does apply to cases where there is a legal right founded on some obligation of the promisee to the beneficiary, to cases where the contract is made for the benefit of a near relation of a party to the contract and to cases where at the request of a party to the contract the promise runs directly to the beneficiary although he does not furnish the consideration. (Seaver v. Ransom, 224 N. Y. 233.) There must be a duty owing by the promisee to the party claiming to sue on the promise. (Seaver v. Ransom, supra, p. 240.) This requirement, however, 11 has been progressively relaxed until a mere shadow of the relationship suffices, if indeed it has not reached the vanishing point. (Corbin, Third Parties as Beneficiaries of Contractors’ Bonds, 38 Yale Law Journal, 1.)
“ As Chief Judge Caedozo said in Ultramares Corp. v. Touche (255 N. Y. 170, at p. 180): 1 The assault upon the citadel of privity is proceeding in these days apace. * * * In the field of the law of contract there has been a gradual widening of the doctrine of Lawrence v. Fox (20 N. Y. 268), until to-day the beneficiary of a promise, clearly designated as such, is seldom left without a remedy ’ ”. (McClare v. Mass. Bonding & Ins. Co., 266 N. Y. 371, 379.)
In the instant case there is a definite relationship between the promisor, the promisee and the beneficiary. Certainly, the promisor, who controls the corporation, owes a duty to the beneficiary, which is the corporation, to refrain from taking excessive and improper salaries and other benefits. The promisee probably had a duty to take some action to insure that the promisor would live up to his duty. Normally, a stockholder *64 can do this by exercising Ms rigM to vote. In this case, however, the stock was of a nonvoting class. Any action the stockholders were to take had to be taken at the time they were purchasing the stock and were furnishing the funds that would permit the corporation to continue to operate or to expand its operations. The agreement could be considered an expression in advance by the parties thereto as to what they believed were reasonable salaries for the officers who would control the corporation.
The corporation was the direct, rather than the incidental, beneficiary of the agreement. Any benefit to the stockholders would only be incidental, flowing, as it must, through the corporation. It is not necessary in this case to infer who the beneficiary of the agreement was. It ‘ ‘ was the intention of the parties to the agreement so arrived at, that the corporations should benefit therefrom by reason of the said limitation on the salaries of the officers ”. The agreement to limit the compensation of the officers was made “ to preserve the corporation’s assets”. (Further amended complaint, pars. 12, 14.) Thus, it was expressly intended by the parties that the corporations would be the beneficiaries of the agreement. Whether the plaintiffs will be able to prove these allegations on the trial is a matter that is not now before this court. The complaint alleges sufficient facts to show that there was an agreement to limit salaries and that the corporation was the third-party beneficiary of that agreement. It also alleges facts sufficient to show that the individual defendants have accepted salaries in excess of those permitted by the agreement. This branch of the defendants’ motion, accordingly, is denied. The defendants may serve an answer to the complaint within 20 days of the service of a copy of the order to be entered hereon.