People v Williams (2019 NY Slip Op 09303)





People v Williams


2019 NY Slip Op 09303


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-01723
 (Ind. No. 129/16)

[*1]The People of the State of New York, respondent,
v
Deno Williams, also known as "G," appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered February 14, 2017, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant further contends that his plea of guilty was involuntary because the County Court did not advise him of the possibility that he would be deported as a consequence of his plea (see generally People v Peque, 22 NY3d 168). Under the circumstances of this case, where nothing in the record contradicts the defendant's statement made under oath, at the plea proceeding, that he was a citizen of the United States, or the information in the Department of Probation Presentence Investigation Report indicating that the defendant was a naturalized United States citizen, we reject the defendant's contention (see People v Tull, 159 AD3d 1387, 1387-1388). As the record is bereft of any evidence that the defendant is not a United States citizen, any issue relating to his citizenship status is not properly before us on his direct appeal.
However, we take the opportunity to express our view that a trial court should not ask a defendant whether he or she is a United States citizen and decide whether to advise the defendant of the plea's deportation consequence based on the defendant's answer. Instead, a trial court should advise all defendants pleading guilty to felonies that, if they are not United States citizens, their felony guilty plea may expose them to deportation (see People v Peque, 22 NY3d at 197). This recommendation is consistent with the Court of Appeals' pronouncement in Peque: "[T]o protect the rights of the large number of noncitizen defendants pleading guilty to felonies in New York, trial [*2]courts must now make all defendants aware that, if they are not United States citizens, their felony guilty pleas may expose them to deportation" (id. [emphasis added]; see CPL 220.50[7]; see also Padilla v Kentucky, 559 US 356). Additionally, this recommendation is consistent with the legislature's pronouncement in CPL 220.50(7). Although that statute, deemed to be repealed September 1, 2020, indicates, in part, that "[t]he failure to advise the defendant pursuant to this subdivision shall not be deemed to affect the voluntariness of a plea of guilty or the validity of a conviction, nor shall it afford a defendant any rights in a subsequent proceeding relating to such defendant's deportation, exclusion or denial of naturalization[,]" it specifically provides, in part, that "[p]rior to accepting a defendant's plea of guilty to a count or counts of an indictment or a superior court information charging a felony offense, the court must advise the defendant on the record, that if the defendant is not a citizen of the United States, the defendant's plea of guilty and the court's acceptance thereof may result in the defendant's deportation, exclusion from admission to the United States or denial of naturalization pursuant to the laws of the United States" (CPL 220.50[7] [emphasis added]). Moreover, giving a "short, straightforward statement" (People v Peque, 22 NY3d at 197) regarding deportation will neither add significantly to the length of the plea proceeding nor encroach meaningfully on the trial court's discretion. Whether a defendant receives the Peque warning should not depend on the defendant having to acknowledge, on the record in open court, that he or she is not a United States citizen, particularly since eliciting noncitizen status may raise, in some cases, concerns of compelled self-incrimination (see US Const Amend V; NY Const, art 1, § 6).
LEVENTHAL, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
DILLON, J.P., concurs, and votes to affirm the judgment, with the following memorandum:
I agree with my colleagues that the defendant's judgment of conviction should be affirmed.
Knowledge of one's own place of birth and/or citizenship is so basic that it has been considered to be pedigree information (see People v Mondon, 129 Misc 2d 13, 18; Matter of Beals, 40 Misc 2d 61). Here, the defendant advised the County Court under oath during the plea proceeding that he was a citizen of the United States, and the trial judge had no reason to believe or suspect otherwise. In my view, if a defendant misinforms the court that he or she is a citizen of the United States, which is then relied upon by the court during sentencing, the defendant's conduct operates as a waiver of the right to receive immigration warnings under both People v Peque (22 NY3d 168) and CPL 220.50(7) (see People v Tull, 159 AD3d 1387; People v Brazil, 123 AD3d 466, 467).
ENTER:
Aprilanne Agostino
Clerk of the Court